1675

DEPOSITIONS AND . . ., INC., Appellant v. B. Dale CAMPBELL, Respondent.

(406 S.E. (2d) 390)

Court of Appeals

*Sheila R. Young,* of *Perrin, Perrin, Mann & Patterson,* Spartanburg, *for appellant.*

*Richard H. Whelchel,* of *The Whiteside-Smith Firm,* Spartanburg, *for respondent.*

Heard May 7, 1991.

Decided June 24, 1991.

SHAW, Justice:

Appellant, Depositions And . . ., Inc., brought this action for injunctive relief and damages against respondent, B. Dale Campbell, for violation of a covenant not to compete. Depositions' motion for injunctive relief was denied as was its motion for reconsideration on that issue.[1] The case was heard before a trial judge who granted judgment for Campbell. Depositions appeals. We affirm.

---

[1] No appeal was taken from the denial of injunctive relief.

Campbell entered into an employment contract with Depositions, a court reporting service. Campbell signed a covenant not to compete as a prerequisite to being hired. The covenant contained the following pertinent language:

> (A) Upon the termination or expiration of her employment with the company, for whatever reason, the employee shall not, for a period of one (1) year after date of termination or expiration of her employment, directly or indirectly, within a thirty-five (35) mile radius of any of the company's offices to which the employee was assigned work during the course of her employment with the company, enter into or engage in the court reporting business. . . .

> (B) Upon the termination or expiration of her employment with the company, for whatever reason, the employee shall not, for a period of one (1) year from the date of termination or expiration of her employment, directly or indirectly . . . solicit court reporting business from or perform court reporting services for any present or former customer of the company for whom the employee furnished such services or with whom she otherwise dealt during the term of her employment with the company. . . .

> (D) . . . [T]he employee further agrees that the company shall have the right to recover any and all *profits accruing to the employee done in violation of this agreement*, together with court costs and attorney's fees. . . .

(Emphasis added.)

The trial judge granted judgment for Campbell ruling that the geographic restriction was unreasonable in scope and was an unduly harsh and oppressive restriction on Campbell's efforts to earn a livelihood. He further ruled, in the alternative, that Depositions failed to prove damages as a result of Campbell's alleged violations of the agreement. Depositions appeals both of these rulings. Because we agree that Depositions failed to prove damages, we do not reach the issue of the reasonableness of the restrictive covenant.

Ms. Spence, the principal of Depositions, testified that Campbell resigned her employment around October of 1988.

She stated that, from looking at Campbell's customer list from her new business, she could tell there were customers Campbell was working for who she had provided services for while working for Depositions. She further stated, from looking at that list, Campbell was engaged in court reporting business within a thirty-five mile radius of Depositions' offices to which she had been assigned. The only other evidence submitted on the issue of damages was Campbell's customer list, which did not include any type of address, and Campbell's monthly statements of receipts and expenditures.

The record is devoid of any evidence concerning the location of the offices of the persons on the list or the location at which services were performed for those individuals. Further, there is no evidence of which clients on Campbell's list were, in fact, clients of Depositions for whom Campbell furnished services for during her employment with Depositions. Depositions seems to believe that it is entitled to *all* profits made by Campbell and that this can be determined by subtracting expenditures from gross receipts. However, the contract specifically provides for recovery of only those profits "accruing to the employee done in violation of this agreement." Under Depositions' argument, had Campbell provided services for someone thirty-four miles from Depositions' Columbia office, Depositions would be entitled to all profits accrued by Campbell in her court reporting business. This would be a ludicrous result.

We therefore find it was incumbent upon Depositions to show the specific instances in which Campbell violated the agreement and the profits she obtained as a result of that violation.[2] The flimsy evidence submitted by Depositions was inadequate to meet its burden of proof on the issue of damages. *See Jackson v. Midlands Human Resources Center*, 296 S.C. 526, 374 S.E. (2d) 505 (Ct. App. 1988) (the burden for proving damages for breach of contract rests on the plaintiff). The order below is therefore AFFIRMED.

SANDERS, C.J., and LITTLEJOHN, J., concur.

---

[2] Depositions made no attempt to prove any other damages that may have been recoverable under law, such as lost profits of Depositions.