601 S.E.2d 332

**COLLINS HOLDING CORPORATION, Respondent,**

v.

**Scott LANDRUM and Landrum Incorporated, Inc., Appellant.**

No. 25851.

Supreme Court of South Carolina.

Heard June 22, 2004.

Decided Aug. 9, 2004.

Robin B. Stilwell, of Greenville, for Appellant.

John S. Nichols, of Bluestein & Nichols, LLC, of Columbia, and Ralph Lee Gleaton, II, of Pfeiffer & Gantt, PA, of Greenville, for Respondent.

Justice PLEICONES:

Collins Holding Corporation (Collins) filed a breach of contract action against Landrum Inc. and Scott Landrum (collectively Appellant).[1] After a bench trial, the judge awarded Collins $244,450.56 in damages. Both Collins and Appellant moved to alter or amend the order. The judge denied the motions. Appellant appealed. This appeal was certified from the Court of Appeals pursuant to Rule 204(b), SCACR. We affirm.

## FACTS

On December 21, 2000, Appellant and Collins signed a contract that gave Collins "the exclusive right for six years to install and maintain all coin and/or currency operated Flipper Machines, and Pinball Machines, upon the entire premises of [three convenience stores owned by Appellant]." The contract also stated that Appellant had the right to have the machines removed with 10 days written notice to Collins. The revenue was to be divided 40% to Appellant and 60% to Collins. The contract stated "[d]uring the term and any continuation thereof, no other person, firm, corporation or entity of any kind whatsoever shall have the right to operate any [ ] coin and/or currency operated flipper machines and pinball machines,

---

1. Scott Landrum was dismissed from the case.

upon said premises." Finally, the contract also stated "[a]ny prior statements, offers, representations or understandings are deemed matters of negotiation only and are merged into this Agreement which is a complete integration of the Agreement and contains only the Agreement between the parties regarding the subject matter described herein. [Appellant] further certifies that there are no contracts or agreements with any other party regarding the subject matter herein. This Agreement may only be modified by a written instrument signed by all the parties hereto." Both parties, as well as two witnesses, signed the agreement.

The judge found that Appellant became dissatisfied with the 60/40 split of revenues and demanded a 50/50 split, which Collins refused. After the refusal, Appellant disconnected Collins' machines and installed his own machines, as well as machines owned by Sonco Amusements, Inc. (Sonco). Sonco split the revenues 50/50 with Appellant. The judge found that Appellant breached the contract with Collins and awarded Collins $244,450.56 in damages as well as the costs of the action.

## ISSUES

1. Did the trial court err in awarding Collins damages for breach of contract because the damages were too speculative?

2. Did the trial court err in not awarding Appellant damages for breach of contract?

## ANALYSIS

1. *Speculative Damages*

■ Appellant argues that the trial judge erred in awarding Collins damages because any damages are speculative. We disagree. The trial judge based his award of damages on the testimony of Jerry Alex Saad (Saad), a Certified Public Accountant, who had previously been the Chief Financial Officer for Collins Entertainment for 8 years. Saad testified that the damages suffered by Collins in this case were $244,450.56. Saad reached this figure by taking the actual weekly revenues received from each location owned by Appellant for the period of time that the machines were in Appellant's stores. He took

a weekly average using that figure and multiplied that average by the number of weeks remaining in the term of that location's contract.

Appellant argues that the damages are speculative. He argues that because he exercised the contract provision that allowed the machines to be removed after 10 days written notice, there would be no revenue, and therefore no damages. Although Appellant is correct that the contract allowed the machines to be removed with 10 days written notice, he is incorrect in his assertion that this clause affects the damages. The breach of contract occurred when Appellant placed "foreign" machines, which were not owned by Collins, in the stores. According to the contract, Collins had the exclusive right to provide flipper machines in the stores for 6 years.

■ In a breach of contract action, the "measure of damages is the loss actually suffered by the contractee as the result of the breach. And profits that have been prevented or lost as the natural consequence of a breach of contract are recoverable as an item of damages in an action for such breach." *South Carolina Finance Corp. of Anderson v. West Side Finance Co.,* 236 S.C. 109, 114, 113 S.E.2d 329, 335–36 (1960). Saad testified about the formula used to calculate the estimated damages, and the formula is reasonable. "The law does not require absolute certainty of data upon which lost profits are to be estimated, but all that is required is such reasonable certainty that damages may not be based wholly upon speculation or conjecture, and it is sufficient if there is a certain standard or fixed method by which profits sought to be recovered may be estimated and determined with a fair degree of accuracy." 113 S.E.2d at 336. We affirm the trial court's award of $244,450.56 for Appellant's breach of contract.

## 2. *Appellant's Damages*

■ Appellant alleges that the machines were not removed 10 days after he gave Collins written notice, and therefore Collins breached the contract. Appellant contends the trial court erred in not awarding him damages. We disagree.

Appellant testified he notified Collins that he wanted the machines removed but Collins did not remove the machines until 6 months after notification. Appellant testified that he

was forced to store the machines for this period and that he could have used the area for storage. Appellant figured his damages at $10 a day for 6 months, which is $3,600. The judge found that Appellant failed to prove his claim by the greater weight of the evidence and did not award Appellant damages. We affirm the trial judge. Appellant was unable to locate a copy of the letter that he sent to Collins. Further, Appellant did not offer any evidence to prove damages, except that he "could have had merchandise there overstocked." The trial court's decision is

**AFFIRMED.**

MOORE and WALLER., JJ., concur.

TOAL, C.J., concurring in part and dissenting in part in a separate opinion in which Acting Justice APHRODITE K. KONDUROS, concurs.

Chief Justice TOAL:

I agree with the majority's holding that the damage award in favor of Collins was not speculative, but I disagree with the majority's conclusion that the Appellant did not satisfy his burden of proving that Collins breached the contract causing Appellant to suffer damages. Therefore, I respectfully dissent in part.

The contract between Appellant and Collins provided that the Appellant had "the right to have said machines removed within (10) ten days written notice to" Collins. While Appellant may have been unable to include in the record the letters he sent to Collins giving the ten day notice,[2] Collins testified about the contents of two notice letters on cross-examination:

Appellant: Mr. Collins, I want to show you two letters . . . [y]ou are welcome to read them into the record, should you elect to, sir.

Collins: This is July the 31st, 2001. And it's a letter from [Appellant's attorney] to [Collins' attorney].

"Dear [Collins' attorney], I've had the opportunity to review your July 24th, 2001, correspondence regarding the

---

2. The letters, admitted into evidence as Defendant's Exhibit No. 2, were lost by the Greenville County Clerk of Court.

above-referenced store and related contract. Pursuant to the specific terms of the contract, [Appellant] would respectfully request that [Collins] remove its machines from all relevant locations within 10 days of the date of this letter."

. . .

Appellant: Now under the terms of this contract, does that count as notice—

Collins: That would be notice, yes, sir.

. . .

Appellant: All right sir. And the second one, does it essentially ask for the—

Collins: This is August the 31st, 2001.

. . .

"Dear [Collins' attorney], I received your recent letter regarding the above-referenced matter. To date, your client has not removed the machines as contemplated under the contract. Please be advised that your client has 10 days from the date of this letter to remove the machines or they will simply be placed at curbside for appropriate removal."

. . .

Appellant: So you did get notice; right?

Collins: My lawyer did, yes, sir. And essentially, I got the notice because he was representing me.

In my view, this testimony on cross-examination clearly indicates that Collins received the requisite notice of Appellant's contractual right to have the machines removed. That evidence, combined with Appellant's testimony of his inventory carrying cost—a normal business expense—clearly satisfies Appellant's burden to prove both breach and damages.

Accordingly, I would find that the trial judge erred in not awarding Appellant damages in the amount of $3,600 [3] resulting from Collins' failure to remove the machines.

Acting Justice APHRODITE K. KONDUROS, concurs.

---

**3.** This amount was not disputed by Collins.