THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Allegiant, a
 division of Telerent Leasing, Respondent,
 v.
 Emerald Inns,
 Inc., d/b/a Inn on the Square of Greenwood, C. Allan Peterson, and S. Craig
 White, Defendants,
 Of Whom S. Craig White is the Appellant.
 
 
 

Appeal From Greenwood County
  Wyatt T. Saunders, Jr, Circuit Court
 Judge

Unpublished Opinion No. 2007-UP-325
 Submitted April 2, 2007  Filed June 15,
 2007

REVERSED AND REMANDED

 
 
 
 Leonard R. Jordan, Jr., of Columbia, for Appellant.
 Robert Wallis Cone, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  S.
 Craig White appeals from the trial courts grant of summary judgment awarding
 Allegiant $69,897.26 against him as damages for a breached lease of which White
 was a guarantor.  We reverse and remand. [1]
FACTUAL/PROCEDURAL BACKGROUND
On January 14, 2003, White and C. Allan
 Peterson, doing business as Emerald Inns, Inc, (Defendants) entered into an
 agreement to lease from Allegiant furnishings and equipment for use in the
 operation of a hotel.  The cash sale price of the goods leased was $67,698.17. 
 Emerald Inns, White, and Peterson agreed to make lease payments in the amount
 of $1,461.81 per month plus applicable sales tax for 60 months, beginning on
 June 1, 2003.  The Defendants made the last payment on April 27, 2004.  
On July 27, 2004, Allegiant brought this
 action for breach of the lease seeking immediate and permanent possession of
 the leased good together with any deficiency remaining after a commercially
 reasonable sale of the goods with interest thereon, judgment against Emerald
 Inns, White, and Peterson for value of the goods, including depreciation and
 pre-judgment interest, and for actual, consequential, and punitive damages
 arising out of the breach of the lease agreement.  Allegiant also sought
 damages against Emerald Inns and Peterson for breach of a carpet purchase
 agreement.  White was not a guarantor under that agreement.  White answered the
 complaint denying most of the allegations, while Peterson was in default.
The trial court granted Allegiant summary judgment as to liability
 as to the lease agreement against all of the defendants and on the carpet
 agreement against Emerald Inns and Peterson.  However it held the issue of
 damages for both agreements in abeyance pending recovery and disposition of the
 goods that were the subject of the lease agreement.  Allegiant took inventory
 of the goods remaining at the hotel and sold them to the new owner of the hotel
 for $5000.00.  
Allegiant
 subsequently filed a supplemental motion for summary judgment seeking
 acceleration of all of the payments due under the lease reduced by the amount
 received from the sale of the remaining goods, as well as attorneys fees and
 costs.  White filed an affidavit asserting the indebtedness was not simply a
 total of all of the rent payments past due and to be become due in the future,
 but rather the amounts of unpaid rent due at the date of the default plus the
 present value of the remaining payments.  
The trial court found the language of the lease allowing Allegiant
 a variety of remedies available under this agreement or otherwise . . .
 allowed it to claim as damages the aggregate of all of the payments that would
 have become due under the lease.  In addition, the trial court found that since
 White submitted his affidavit disputing damages less than five days prior to
 the hearing, his request for a damages hearing was not timely and was therefore
 denied.  The court awarded Allegiant judgment in the amount of $66,320.60
 against Emerald Inns, White, and Peterson as well as $3200.00 in attorneys
 fees and $376.66 in costs for a total of $66,320.60.  The court also added
 $376.66 in costs to the judgment awarded under the carpet agreement for a total
 judgment against Emerald Inns and Peterson of $30,861.94.  The court
 subsequently denied Whites motion to alter or amend the judgment.  This appeal
 followed.  
DISCUSSION
I.  Request for
 damages hearing
White argues the trial court erred in holding he was obligated to
 request a damages hearing and that, by failing to request such a hearing, he
 waived the right to the hearing.  We agree.  
The burden for proving damages for breach of contract rests on the
 plaintiff.  Depositions And . . . Inc. v. Campbell, 305 S.C. 173, 175, 406
 S.E.2d 390, 391 (Ct. App. 1991).  Furthermore, the party seeking summary
 judgment has the burden of clearly establishing the absence of a genuine issue
 of material fact.  McCall v. State Farm Mut. Auto. Ins. Co., 359 S.C.
 372, 376, 597 S.E.2d 181, 183 (Ct. App. 2004).  Rule 56(c), SCRCP, provides the
 party opposing summary judgment may serve affidavits not later than two days before the hearing.  (Emphasis added).
White executed his affidavit opposing summary judgment on February
 17, 2004.  The hearing was held on February 21, 2006.  Thus, Whites affidavit
 was timely under Rule 56(c).  We find no provision in the South Carolina Rules
 of Civil Procedure to support the trial courts ruling that a defendant is
 barred from receiving a hearing on damages because he failed to file his
 affidavit more than five days before the hearing.  According, we hold
 the trial court erred in finding White was not entitled to challenge
 Allegiants claimed damages.  
II.  Amount of
 damages
White argues the trial court erred in its calculation of damages. 
 We agree.
The Remedies section of the lease agreement provides:  If an
 event of default occurs, Lessor is entitled to exercise in any order any one or
 more of the following remedies and the exercise of any one or more of such
 remedies shall not preclude Lessor from any other remedies available to Lessor
 under this Agreement or otherwise: . . . .  The section then lists a number of
 remedies.  Emphasizing the phrase, under this agreement or otherwise: . . . ,
 the trial court found under the clear terms of this statement, [Allegiant] as
 Lessor, may seek relief through a variety of remedies, including those
 available under statutory and common law.  
Although the lease agreement allowed Allegiant a wide variety of
 remedies, the damages awarded must still be within those allowed by contract
 law.  In a breach of contract action, damages serve to place the nonbreaching
 party in the position he would have enjoyed had the contract been performed.  South Carolina Fed. Sav. Bank v. Thornton-Crosby Dev. Co., 303 S.C. 74, 77,
 399 S.E.2d 8, 10 (Ct. App. 1990).  The measure of damages is the loss actually
 suffered by the contractee as the result of the breach.  Collins Holding
 Co. v. Landrum, 360 S.C. 346, 350, 601 S.E.2d 332, 333-34 (2004). 

 Damages will be computed as of the date fixed for performance,
 because a court does not treat the contract as though it contained a promise to
 render performance as of the date of the repudiation.  Thus the damages for the
 repudiation of a contract are to be computed as of the date when performance is
 due, and not as of the date of the prior repudiation.  This amount must be
 reduced to its present value.  Judgment should be rendered for all accrued
 payments plus interest, plus the present value of all unaccrued payments the
 plaintiff would have received if the contract had been performed.  

22 Am.Jur.2d Damages §63 (2003).  
We hold
 the trial court erred in granting Allegiant the aggregate of all payments past
 due and due in the future.  The correct measure of damages would include the balance
 due at the time of the default plus the present value of all unaccrued payments
 at the time of the default.  Accordingly, we remand the case to the trial court
 for a damages hearing.    
III.     Award of
 costs
White argues the trial court erred in adding costs of $376.66 to
 both of Allegiants judgments.  
Initially
 Allegiant contends this issue is not preserved because the parties agreed to
 the apportionment of attorneys fees and White did not object to the award of
 costs and did not seek apportionment of costs between the two judgments.  In
 our review of the record, we find the parties agreement involved only the
 apportionment of attorneys fees.  In his motion to alter or amend the
 judgment, White objected to the award of costs, sufficiently raising the issue
 to the trial court and preserving it for our review.  See Godfrey v.
 Heller, 311 S.C. 516, 520, 429 S.E.2d 859, 862 (Ct. App. 1993) (stating
 that where an appellant learns for the first time when the appellant receives
 the order that the respondent would be granted certain relief, the appellant
 must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment to
 preserve the issue).   
White
 contends the issue of costs was not raised at the hearing.  However, in its
 complaint Allegiant requested costs and its attorney stated in his affidavit
 that Allegiant had incurred costs in the amount of $376.66.  Therefore, the
 issue of costs was properly before the trial court.  However, we agree with
 Allegiant that the trial court erred in adding an award of costs of $376.66 to
 both the judgment on the lease agreement and the judgment on the carpet
 agreement.  The trial court found Allegiant had incurred costs of $376.66 and
 that this amount was reasonable.  By adding this amount to both judgments, the
 trial court in fact awarded Allegiant costs in the amount $753.32.  Thus, we
 remand the issue of costs to the trial court.  
CONCLUSION
The order of the trial court is reversed
 and the issues of the amount of damages and the awarding of costs are
 remanded.  
REVERSED
 and REMANDED.
HUFF,
 BEATTY, and WILLIAMS, JJ. concur. 
 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.