THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jenner Trucking
 & Construction, Inc., Appellant,
 v.
 Pioneer
 Machinery, LLC, and Peterson Pacific Corp., 
 of whom Pioneer
 Machinery, LLC, is Respondent.
 
 
 

Appeal From Dorchester County
James C. Williams, Jr., Circuit Court
 Judge
Unpublished Opinion No.  2011-UP-072
Submitted November 1, 2010  Filed
 February 23, 2011
AFFIRMED

 
 
 
 Steven L. Smith, of N. Charleston, for Appellant.
 Steven A. McKelvey, Christopher C. Genovese and Thomas William McGee, III, all of Columbia, for Respondent.
 
 
 

PER CURIAM: In this
 action for breach of express warranty, breach of implied warranty of
 merchantability, fraudulent misrepresentation, and conversion, Jenner Trucking
 and Construction (Jenner Trucking) appeals the grant of summary judgment to
 Defendant Pioneer Machinery (Pioneer).  We affirm.[1]
In 2003, Jenner Trucking purchased an HC-4400-B Waste
 Recycler ("grinder") manufactured by Peterson Pacific Corp. (Peterson)
 from Pioneer for use in its land clearing business.  Timothy Jenner, the
 president and sole shareholder of Jenner Trucking, finalized the purchase after
 a trial period during which Jenner Trucking's head mechanic noticed numerous
 problems with the machine that indicated it had "been sitting up for a
 while."  Within six months of the date of purchase, the clutch on the
 grinder malfunctioned.  Pioneer replaced the clutch at no cost to Jenner
 Trucking, but it malfunctioned again less than a month later.  This time,
 however, although Pioneer repaired the grinder, it refused to return it to
 Jenner until he paid the $12,000 repair bill, which Jenner did about a year
 later.  
Jenner Trucking
 then filed the present lawsuit against Pioneer and Peterson, asserting claims
 for breach of express and implied warranties, fraudulent misrepresentation, and
 conversion.  Both defendants moved for summary judgment after filing responsive
 pleadings, and the trial judge conducted separate hearings on the motions.  The
 trial judge then granted summary judgment to Pioneer, holding (1) Pioneer did
 not provide an express warranty to Jenner Trucking, (2) Jenner Trucking's claim
 for breach of implied warranty of merchantability failed as a matter of law
 because of the disclaimer on the sales contract, (3) Jenner Trucking's
 fraudulent misrepresentation failed as a matter of law because any reliance on
 any alleged misrepresentation would be unreasonable, and (4) Pioneer did not
 convert the grinder for its own use.  In a separate order, the trial judge
 granted only partial summary judgment to Peterson, holding (1) there were
 questions of fact as to whether Peterson complied with the terms of its express
 limited warranty, (2) Peterson had effectively disclaimed the implied warranty
 of merchantability, (3) there was no evidence that Peterson made any false
 statements to induce Jenner to purchase the grinder and Jenner's reliance on
 any such false representations would have been unreasonable, and (4) Jenner's
 claim for lost profits was speculative and was disclaimed under the express
 limited warranty.
Jenner Trucking unsuccessfully
 moved for reconsideration of both orders and then filed a notice of appeal.  While
 the appeal was pending in this court, Jenner Trucking settled its claim against
 Peterson.
1.  Jenner Trucking argues the trial
 judge erred in finding the disclaimer on the sales contract effectively
 disclaimed any possible warranties, express or implied, on the grinder.  In
 support of his argument that the disclaimer was invalid, Jenner Trucking points
 out that (1) the front page of the document contained an express warranty,
 which, under section 36-2-316(1) of the South Carolina Code (2003), Pioneer
 could not disclaim in the same agreement[2] and (2) although the disclaimer complied with the technical requirements of the
 South Carolina Uniform Commercial Code, it was not truly
 "conspicuous" as that term is used in section 36-2-316(2).  We
 disagree with these arguments.
Counsel for Jenner Trucking argued to the trial judge
 that Jenner believed the express warranty included in the sales agreement came
 from Pioneer rather than Peterson; however, during his deposition, Jenner
 responded affirmatively to a question regarding whether he "received the
 Peterson Pacific manufacturer warranty of nine months, a thousand hours." 
  Furthermore, there is nothing in the record suggesting Pioneer gave Jenner
 Trucking an express warranty on the grinder.  We therefore hold the trial judge
 was correct in determining that the only express warranty at issue here was
 issued by Peterson, the manufacturer of the grinder.  Pioneer never attempted
 to disclaim any warranty issued by Peterson; therefore, section 36-2-316(1),
 which prohibits such disclaimers, is not applicable here.
2.  Jenner Trucking further contends
 there is a genuine issue of material fact regarding whether the disclaimer was
 conspicuous.  We disagree.  The disclaimer included the word
 "merchantability" and was set off in block letters rather than lower
 case letters; therefore, it satisfied the relevant statutory requirements to be
 effective.  Jenner Trucking, though acknowledging this contrast in type, argues
 the paragraph following the disclaimer was also in block letters and contends
 this creates a genuine issue of material fact regarding conspicuousness.  In
 contrast to the following paragraph, however, the disclaimer was also italicized. 
 We therefore affirm the trial judge's determination that the disclaimer of the
 warranty of merchantability satisfied the relevant statutory requirements.  See S.C. Code Ann. § 36-2-316(2) (2003) (requiring exclusions or modifications of
 the implied warranty of merchantability to mention merchantability and to be in
 writing and conspicuous); id. § 36-1-201(10) (stating "[l]anguage in
 the body of a form is 'conspicuous' if it is in larger or other contrasting
 type or color" and specifying that "[w]hether a term or clause is
 'conspicuous' or not is for decision by the court") (emphasis added).
3.  Jenner Trucking complains that
 although the trial judge properly denied Peterson's summary judgment motion
 with respect to the express warranty it provided, the trial judge incorrectly
 granted summary judgment to Peterson based on the disclaimer language in the
 sales contract, to which Peterson was not a party.  Because Peterson has been
 dismissed with prejudice from this appeal, it is unnecessary to address this
 issue.
4.  Jenner Trucking next
 contends significant material factual disputes remain regarding its claims for
 fraudulent misrepresentation, namely, that contrary to Jenner's intention to
 purchase a "like new" machine that was in good shape, had no previous
 problems, and would not require extensive maintenance in the near future, the
 grinder Pioneer sold him was about seven years old and had been sitting on
 Pioneer's lot for much of that time without maintenance.  Jenner Trucking
 further challenges the trial judge's reasoning that because Jenner had actual
 knowledge that the grinder had been previously operated with approximately
 forty to sixty hours of prior use, he could not have justifiably relied on the
 description in the contract that it was "new," arguing the questions
 regarding reasonable reliance generally involve factual determinations.  We
 disagree.
Jenner Trucking is correct that issues of
 reliance are generally determined by the finder of fact; however, "if the
 undisputed evidence clearly shows the party asserting reliance has knowledge of
 the truth of the matter, there is no genuine issue of material fact." Quail
 Hill, LLC v. County of Richland, 387 S.C. 223, 240, 692 S.E.2d 499, 508
 (2010) (citing Gruber v. Santee Frozen Foods, Inc., 309 S.C. 13, 20, 419
 S.E.2d 795, 800 (Ct. App. 1992)).  See also Whitman v. Seaboard Air
 Line Ry., 107 S.C. 200, 204, 92 S.E. 861, 863 (1917) ("[E]ven if there
 had been fraud, its effect was destroyed by the abundant opportunity to learn
 the truth.").  Here, it was undisputed that (1) Jenner held himself out as
 an expert in grinders and had purchased several machines in the past, (2)
 Jenner could have easily determined the age and condition of the grinder before
 buying it by using the serial number or requesting the maintenance records from
 Pioneer, and (3) Jenner's own mechanic warned him of problems he had observed
 during the demo period.  The record supports the trial judge's determination
 that Jenner could not have reasonably relied on any alleged misrepresentations
 made by Pioneer's employees.
5.  Jenner Trucking argues
 the trial judge erred in requiring definitive proof of lost profits and cites
 authority that the law does not require absolute certainty before lost profits
 can be recovered.  See Collins Holding Corp. v. Landrum, 360 S.C.
 346, 350, 601 S.E.2d 332, 333-34 (2004).  This ruling appears only in the order
 granting partial summary judgment to Peterson.  Because Peterson has been
 dismissed from this appeal, we do not believe it is necessary to address this
 issue, particularly in view of our proposed disposition to affirm on the
 remaining issues.
6.  Jenner Trucking next
 argues the trial judge erred in dismissing its conversion claim on the ground
 that it was "simply a restatement of its breach of warranty claims under a
 different name."  It further contends the second repair that Pioneer made
 to the clutch system was unauthorized and therefore amounted to conversion.  We
 find no reversible error.
In its complaint, Jenner Trucking made no
 reference to unauthorized repairs to the grinder as the basis for its conversion
 claim.  During discovery, Jenner Trucking, in response to an interrogatory from
 Pioneer requesting all facts and circumstances to support its contention that
 Pioneer converted the grinder to its own use in derogation of Jenner Trucking's
 property rights, stated only that "[a]fter repairing the clutch, Pioneer
 refused to cover the repairs under the warranty.  The Defendant further refused
 to place the amount due onto the Plaintiff[']s parts account."  Furthermore,
 contrary to Jenner Trucking's argument on appeal that the basis for its
 conversion claim was "an assertion for unauthorized repairs," during
 the summary judgment hearing, counsel for Jenner Trucking did not specifically
 assert that Jenner instructed Pioneer not to perform any repairs that were not
 covered by warranty.  Under these circumstances, we agree with the trial judge
 that Jenner Trucking's conversion claim was merely a restatement of its claims
 for breach of warranty.  See Langehans v. Smith, 347 S.C. 348,
 353, 554 S.E.2d 681, 684 (Ct. App. 2001) (holding an issue was not preserved
 for appeal because the appellants "did not raise this specific argument to
 the trial court").  
7.  Finally, Jenner
 Trucking contends the trial judge failed to apply the proper standard in
 granting summary judgment to Pioneer.  We have determined that there are no
 issues of material fact warranting the denial of summary judgment on any of the
 specific issues involved in this appeal and likewise hold the trial judge did
 not fail to apply the proper standard in granting summary judgment.
CONCLUSION
For the foregoing reasons, we affirm the grant to
 summary judgment to Pioneer.
AFFIRMED.
THOMAS, PIEPER, and GEATHERS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2] Section 36-2-316(1) reads as follows:  "If the
 agreement creates an express warranty words disclaiming it are
 inoperative."