THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 CalTel, Inc. Respondent,
 
 
 

v.

 
 
 
 Anjay Patel, Appellant.
 
 
 

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2012-UP-100
 Submitted February 1, 2012  Filed
February 22, 2012

AFFIRMED

 
 
 
 Thomas A. Belenchia and John C. Strickland, both of Spartanburg,
 for Appellant.
 Louis D. Nettles, of Florence, for Respondent.
 
 
 

PER CURIAM:  Anjay
 Patel appeals the trial court's order awarding
 CalTel, Inc. (CalTel) $80,000 in damages, arguing the trial court erred in:  (1)
 not dismissing the cause of action against him when CalTel had no standing to
 bring suit, (2) allowing speculative damages into evidence, and (3) allowing
 the introduction of irrelevant evidence and testimony.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  
1.  As
 to whether the trial court erred in not
 dismissing the cause of action against Patel when it learned CalTel had
 assigned its rights in this matter to a third party and thus had no standing to
 bring suit:  S.C. Dep't of Transp. v.
 First Carolina Corp. of S.C., 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) (holding that for an issue to be preserved for
 appellate review, it must have been raised to and ruled upon by the trial court).
2.  As
 to whether the trial court erred in allowing
 speculative damages into evidence when calculating the amount of damages owed
 to CalTel:  Collins Holding Corp. v.
 Landrum, 360 S.C. 346, 350, 601 S.E.2d 332, 334 (2004) ("The law does
 not require absolute certainty of data upon which lost profits are to be
 estimated, but all that is required is such reasonable certainty that damages
 may not be based wholly upon speculation or conjecture, and it is sufficient if
 there is a certain standard or fixed method by which profits sought to be recovered
 may be estimated and determined with a fair degree of accuracy.").
3. As
 to whether the trial court erred in allowing
 the introduction of irrelevant evidence and testimony:  Historic
 Charleston Holdings, LLC v. Mallon, 381 S.C. 417, 434, 673 S.E.2d 448, 457 (2009) ("The
 admission of evidence is a matter left to the discretion of the trial [court]
 and will not be disturbed on appeal absent an abuse of discretion.").
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.