23068

Nortin S. CARTIN, Respondent v. KELLER BUILDING PRODUCTS OF
CHARLESTON, Appellant.

(382 S. E. (2d) 922)

Supreme Court

*Wm. Howell Morrison* of *Holmes & Thomson,* Charleston,
*for appellant.*

*A. Elliott Barrow, Jr.,* of *Claypoole, Kefalos, Waggoner
and Barrow,* Charleston, *for respondent.*

Heard March 7, 1989.

Decided Aug. 21, 1989.

FINNEY, Justice:

This is an appeal of a circuit court order granting re-
spondent, Nortin S. Cartin, a new trial on damages only. The
appellant, Keller Building Products, appeals to this Court

for a new trial asserting the trial judge abused his discretion in not ordering a new trial absolute and erred by qualifying the respondent's architect as an expert witness. We reverse.

While descending a carpeted stairway, the respondent fell and fractured his neck. Respondent brought suit against the appellant alleging that his fall was proximately caused by loose carpet sold by appellant and negligently installed by its employee, Paul Payton. Appellant denied responsibility and asserted that the carpet installer was an independent contractor. Appellant further asserted that the actual cause of the fall was the dangerous construction of the stairwell itself.

After some deliberation, the jury requested written definitions of agent and independent contractor. Following the trial judge's denial of this request, the jury found for Cartin but awarded him only one dollar in actual damages. Both parties moved for a new trial. Cartin requested a new trial on the issue of damages only while Keller requested a new trial absolute. The trial court granted a new trial on damages only based upon its determination that the jury disregarded the instructions on damages and was motivated by passion, ill will or prejudice, but cited no facts from the record to support its finding. The trial judge also held that liability and damages are separate and distinct from one another.

The law in South Carolina is clear that when a verdict in favor of a plaintiff is fully supported by the evidence on the issue of liability but the damages awarded are inadequate, a new trial *may* be ordered on the issue of damages alone. S. C. R. C. P. 59(a). (Emphasis added.) This Court has succinctly articulated the rule by which the trial court is to be guided in granting a new trial on a single issue as follows:

> "... where there are distinct jury issues, and the issue as to which a new trial is required is separate from all other issues, and the error requiring a new trial does not affect the determination of any other issue, the scope of the new trial may be limited to the single issue." *Industrial Welding Supplies, Inc. v. Atlas Vending Co., Inc.*, 276 S. C. 196, 277 S. E. (2d) 885 (1981).

We find that the issue of damages is not so distinct and separable from the issue of liability in this case that a retrial on damages alone may be had without injustice. The plaintiff proved medical specials in excess of $7,000, provided testimony that he had sustained a 20% permanent physical impairment, and sought compensation for lost wages and pain and suffering. The jury found that the respondent had proved his entitlement to damages, but nevertheless awarded actual damages in the amount of one dollar. While a grossly inadequate award of damages by itself does not require retrying the liability issue, suspicion should be aroused if the jury awards only nominal damages, disregarding uncontested and obvious damages. *See, Hatfield v. Seaboard Air Line Railroad,* 396 F. (2d) 721 (5th Cir. 1968) (jury award of $1.00 when plaintiff had uncontested special damages of $2,795.75 and substantial pain and suffering). *See also, McKibben v. Anthony,* 185 S. C. 459, 194 S. E. 446 (1937) (trial court ordered a new trial after a jury award of $1.00).

This Court finds that the allegation of construction defects and the jury's request for definitions of agent and independent contractor connote a close intertwining of the issues involving liability and damages in this case and directly affects the determination of damages. Therefore, we conclude that the appellant is entitled to a new trial absolute. The circuit court's denial of a new trial absolute is reversed.

In view of our disposition of this matter, we do not address the expert witness question.

Reversed.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.