623 S.E.2d 373

James B. VAUGHT, Individually, and as Attorney in Fact and/or
Trustee for J.M. Vaught, Jr., the Heirs of Thomas B. Vaught,
the Heirs of Jean V. Powell, Carol V. Lewis, Harry R. Vaught,
Vina V. Floyd, and W.M. Vaught, Jr., Appellants,

v.

A.O. HARDEE & SONS, INC., Respondent.

No. 26073.

Supreme Court of South Carolina.

Heard Oct. 5, 2005.
Decided Nov. 28, 2005.
Rehearing Denied Jan. 6, 2006.

476

Robert N. Hill, of Newberry; and Richard M. Lovelace, Jr., of Conway, both for Appellants.

Stephen E. Darling and Elizabeth F. Bailey, both of Haynesworth Sinkler Boyd, P.A., of Charleston, for Respondent.

Justice BURNETT:

James B. Vaught, individually and as trustee for several relatives (Appellants), raises the issue of whether the trial court erred in excluding evidence of replacement costs as part of the measure of damages for destroyed noncommercial trees. We certified this case for review from the Court of Appeals pursuant to Rule 204(b), SCACR, and conclude the trial court erred in excluding evidence of the measure of damages. We reverse and remand for a new trial.

## *FACTUAL/PROCEDURAL BACKGROUND*

Appellants own a 754–acre tract of land in Horry County which they use primarily for hunting and family picnics. A few days prior to May 28, 2002, employees of A.O. Hardee & Sons, Inc. (Respondent) burned debris for construction of Highway 31 on land adjacent to Appellants' property. On May 28, windy conditions reignited a smoldering pile of debris, and embers were blown into neighboring woods. The resulting fire burned approximately 21 acres of Appellants' tract, destroying an historic tar kiln and more than 1,200 trees, including 116 live oaks.

On January 13, 2003, Appellants filed this lawsuit alleging Respondent negligently ignited a fire on real estate adjacent to their property and allowed that fire to escape onto the Appellants' property. Respondent's Motion in Limine requesting the trial court exclude testimony from Travis Cork, Appellants' forestry consultant, was denied, and the trial judge ruled the proper measure of damages was the difference between the value of the property before and after the fire. The trial judge determined the destroyed trees were relevant only to the extent their destruction diminished the overall value of the land.

Appellant James Vaught testified the destruction of the tar kiln and trees devalued the land by approximately $500,000. Further, the value of the burned merchantable timber was approximately $25,000, although the property had never been

used for commercial purposes. Cork testified he had determined the species, number, and size of the dead trees. He testified the destroyed trees had little or no value as timber. He proferred testimony that Appellants could be made whole by replacement of the destroyed trees. Eli Adams, a nursery owner, was qualified as an expert and proferred testimony that the cost of replacing the trees was approximately $658,000, including $66,000 to replace the destroyed live oaks.

James Ryan, a forester and Respondent's witness, testified the merchantable value of the destroyed trees was $1,070.25. Ryan further testified that if the destroyed live oaks naturally resprouted, they would grow to the size of the destroyed trees in 25 to 40 years.

The trial judge charged that shade trees and certain other type trees had value only by reason of their connection to the land, and that the fair measure of damages to such property "is the injury to the premises as a whole, which would be fixed by ascertaining the difference between the value of the entire premises before and after the fire.... [T]he difference in value rule of land before and after the fire applies to undeveloped growing timber, shade and ornamental trees."

The jury returned a verdict for Appellants in the amount of $20,000. Appellants moved for a new trial absolute or for a new trial nisi additur, which were both denied. This appeal followed.

## ISSUE

Did the trial court err by prohibiting Appellants from introducing evidence of replacement costs of destroyed non-commercial trees on property used for recreational purposes?

## STANDARD OF REVIEW

In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses there is no evidence which reasonably supports the jury's findings. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C.

81, 221 S.E.2d 773 (1976). The admission of evidence is within the sound discretion of the trial judge, and absent a clear abuse of discretion amounting to an error of law, the trial court's ruling will not be disturbed on appeal. *Hofer v. St. Clair,* 298 S.C. 503, 513, 381 S.E.2d 736, 742 (1989). An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support. *Conner v. City of Forest Acres,* 363 S.C. 460, 467, 611 S.E.2d 905, 908 (2005); *Carlyle v. Tuomey Hosp.,* 305 S.C. 187, 193, 407 S.E.2d 630, 633 (1991). To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, *i.e.,* there is a reasonable probability the jury's verdict was influenced by the wrongly admitted or excluded evidence. *Conner,* 363 S.C. at 467, 611 S.E.2d at 908; *Hanahan v. Simpson,* 326 S.C. 140, 156, 485 S.E.2d 903, 911 (1997).

### *LAW/ANALYSIS*

■ Appellants argue the trial court erred in ruling the proper measure of damages for destroyed noncommercial trees on property used for recreational purposes was the value of the property before and after the fire and the trial court erred in excluding evidence of replacement costs of the destroyed trees. We agree.

■■ Actual damages are properly called compensatory damages, meaning to compensate, to make the injured party whole, to put him in the same position he was in prior to the damages received insofar as this is monetarily possible. *See Clark v. Cantrell,* 339 S.C. 369, 529 S.E.2d 528 (2000). The goal is to restore the injured party, as nearly as possible through the payment of money, to the same position he was in before the wrongful injury occurred. *Id.* at 378, 529 S.E.2d at 533.

In *Hall v. Seaboard Airline Railway Co.,* 126 S.C. 330, 332–33, 119 S.E. 910, 910–11 (1923), the Court identified two classes of property damaged by fire:

(1) That which is essentially connected with the premises and has value only by reason of that connection, such as fruit trees, ornamental and shade trees and shrubs, the young growth of a forest, hedge, grass, and the like; (2)

that which has a value independent and separate from the premises as such, such as buildings, fences, merchantable timber, corded or cut wood, and the like, the loss or damage to which is capable of practically exact estimation.

At issue in the present case is property described in the first category. Two general rules of damages have been applied to this type of property: diminution in value and restoration costs. *See* 22 Am.Jur.2d *Damages* § 276 (2003) (noting courts generally use the diminution in value rule for damage to shade or ornamental trees but under certain facts and circumstances replacement costs may be the proper measure of damages).[1] To fully compensate the injured party, a court may allow the jury to consider more than one measure of damages, but damages may be awarded under only one theory. *Id.*

The Restatement (Second) Torts § 929 (1979) supports restoration costs as the proper measure of damages for injury to real property in certain circumstances. Section 929 provides in part,

(1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for (a) the difference between the value of the land before the harm and the value after the harm, or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred. . . .

Comment (b) to § 929 further states,

Even in the absence of value arising from personal use, the reasonable cost of replacing the land in its original position is ordinarily allowable as the measure of recovery. . . . If, however, the cost of replacing the land in its original condition is disproportionate to the diminution in the value of the land caused by the trespass, unless there is a reason personal to the owner for restoring the original condition,

---

1. *See Thatcher v. Lane Construction Co.,* 21 Ohio App.2d 41, 254 N.E.2d 703, 707 (1970) ("The general rule that the measure of damages for injury to real estate shall not exceed the difference in the market value of the entire tract immediately before and immediately after the injury is not an arbitrary or exact formula to be applied in every case without regard to whether its application would compensate the injured party fully for losses which are the proximate result of the wrongdoer's conduct.").

damages are measured only by the difference between the value of the land before and after the harm.

Several courts cite with approval § 929 of the Restatement. *See, e.g., Osborne v. Hurst,* 947 P.2d 1356 (Alaska 1997); *Dixon v. City of Phoenix,* 173 Ariz. 612, 845 P.2d 1107 (Ct.App.1993); *Worthington v. Roberts,* 304 Ark. 551, 803 S.W.2d 906 (1991); *Heninger v. Dunn,* 101 Cal.App.3d 858, 162 Cal.Rptr. 104 (1980); *Klingshirn v. McNeal,* 239 Ga.App. 112, 520 S.E.2d 761 (1999); *Leavitt v. Continental Tel. Co. of Maine,* 559 A.2d 786 (Me.1989); *Rector, Wardens and Vestry of St. Christopher's Episcopal Church v.C.S. McCrossan, Inc.,* 306 Minn. 143, 235 N.W.2d 609 (1975); *Keitges v. VanDermeulen,* 240 Neb. 580, 483 N.W.2d 137 (1992); *Denoyer v. Lamb,* 22 Ohio App.3d 136, 490 N.E.2d 615 (1984); *Gross v. Jackson Township,* 328 Pa.Super. 226, 476 A.2d 974 (1984); *Threlfall v. Town of Muscoda,* 190 Wis.2d 121, 527 N.W.2d 367 (Ct.App. 1994). *See also* Kristine Cordier Karnezis, Annotation, *Measure of Damages for Injury to or Destruction of Shade or Ornamental Tree or Shrub,* 95 A.L.R.3d 508 § 4 (1979 & Supp.2005) (discussing cases that allow replacement costs under certain circumstances).

In *Keitges,* the Nebraska Supreme Court was presented with the novel question of "whether a plaintiff is entitled to recover the cost of restoring trees and vegetation on land which he holds for residential or recreational purposes when a portion of a natural woods is destroyed." 483 N.W.2d at 140. The Nebraska court concluded Restatement (Second) Torts § 929 was consistent with a prior decision which stated that "the principle underlying allowance of damages is to place the injured party in the same position, so far as money can do it, as he would have been had there been no injury or breach of duty, that is, to compensate him for the injury actually sustained." *Id.* at 142 (quoting *L Investments, Ltd. v. Lynch,* 212 Neb. 319, 322 N.W.2d 651, 656 (1982)). The Nebraska court further asserted:

One person's unsightly jungle may be another person's enchanted forest; certainly the owner of such land should be allowed to enjoy it free from a trespasser's bulldozer. Indeed, a trespasser should not be allowed, with impunity, to negligently or willfully wreak havoc on a landowner's natural woods, and the landowner's attempted recovery for

> such injury should not be entirely frustrated by the fact that the market does not reflect his personal loss.

*Id.* at 143. The court held that a landowner who intends to use land for recreational or residential purposes, may recover restoration costs, which may not exceed the market value of the property before the injury, when trees and other growth are destroyed.

In *Osborne,* the plaintiffs sought to recover for damaged trees destroyed by a fire set by defendant. The trial court granted summary judgment on the issue of the measure of damages for defendant and held that restoration costs were not the proper measure of damages. The Supreme Court of Alaska reversed the ruling and remanded the case to determine damages in accordance with Restatement (Second) Torts § 929. The court had previously recognized that " 'a plaintiff who has been injured by an invasion of his land not totally destroying its value may elect as damages either the loss in value' or reasonable restoration costs." 947 P.2d at 1358 (citing *G & A Contractors, Inc. v. Alaska Greenhouses, Inc.,* 517 P.2d 1379, 1385 (Alaska 1974)). The court also noted its prior holding that § 929 should be used to determine whether restoration costs are appropriate. *Id.* at 1359. Further, the court held that if the jury found the plaintiffs had a personal reason for restoring the property, then plaintiffs could elect restoration costs as the proper measure of damages.

In *Rector,* the plaintiff sought damages for defendant's negligent suffocation of roots of shade trees on plaintiff's property. That court noted:

> Since [1912], courts throughout the country have placed a greater emphasis on the rights of a property owner to enjoy the aesthetic value of trees and shrubbery, notwithstanding the fact they may have little commercial value or that their destruction may, indeed, even enhance the market value of the property.

235 N.W.2d at 610. The Minnesota Supreme Court departed from the traditional measure of damages which was diminution in value of the land and held "where trees and shrubbery have aesthetic value to the owner as ornamental and shade trees or for purposes of screening sound and providing privacy, replacement cost may be considered to the extent that the

cost is reasonable and practical." *Id.* at 611. The court held the jury could consider restoration costs and the value of the land before and after the damage. *But see Baillon v. Carl Bolander & Sons Co.,* 306 Minn. 155, 235 N.W.2d 613, 615 (1975) (refusing to apply the replacement cost rule when destroyed trees were "for the most part, quite small, ill-formed, and not particularly desirable as shade trees or ornamental trees but did serve to prevent erosion and act as a sound barrier").

 The reasoning expressed in the Restatement (Second) Torts § 929, *Keitges*; *Osborne*, and *Rector* is persuasive on the measure of damages for damaged/destroyed noncommercial trees, shrubs, and related vegetation. We adopt the following as the measure of damages: The general measure of damages for damaged/destroyed noncommercial trees, shrubs, and related vegetation is the difference in the value of the entire parcel of land—damaged and undamaged portions—immediately before and after the loss. When the property is restorable to its former condition at a cost less than the diminution in value, then the cost of restoration that has been or may be reasonably incurred or the diminution in value may be the proper measure of damages. When the cost of restoration exceeds the diminution in value, then the greater cost of restoration will be allowed when the landowner has a personal reason relating to the land for restoring the land to its original condition and when the cost of restoration is reasonable in relation to the damage inflicted. However, the landowner may not recover restoration costs which exceed the market value of the entire parcel prior to the loss. *See* 22 Am.Jur.2d *Damages* § 256. Further, the jury may consider factors in determining the diminution in value, including but not limited to: the types and sizes of the damaged or destroyed trees and shrubs, the purpose for which the destroyed or damaged trees and shrubs were grown or maintained, the reasonable and practicable replacement costs, and the use of the particular land, including any aesthetic value to the landowners of such trees and shrubs. *See Harper v. Morris,* 89 N.C.App. 145, 365 S.E.2d 176, 177–78 (1988); 75 Am.Jur.2d *Damages* § 136.

The trial judge abused his discretion by excluding evidence of replacement costs of the destroyed noncommercial trees. There is a reasonable probability the jury's verdict was influ-

enced by the excluded evidence because the jury was not permitted to hear and consider all relevant evidence relating to damages. *See Conner,* 363 S.C. at 467, 611 S.E.2d at 908.

## CONCLUSION

We conclude the trial court erred in excluding evidence of replacement costs of the destroyed noncommercial trees and there is a reasonable probability the excluded evidence influenced the jury's verdict. We decline to address Respondent's additional sustaining ground. *See I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 526 S.E.2d 716 (2000) (the Court in its discretion may address an additional sustaining ground). We reverse and remand for a new trial in accordance with this opinion.

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.