THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals

 
 
 
 David E. Steele, Respondent,
 v.
 Clara M. Steele, Appellant.
 
 
 

Appeal From Lancaster County
The Hon. Roger E. Henderson, Family Court
Judge
Unpublished Opinion No. 2008-UP-590
Heard September 18, 2008  Filed October
16, 2008
AFFIRMED

 
 
 
 G. Robin Alley, of Columbia, for Appellant.
 Philip E. Wright, of Lancaster, for Respondent.
 
 
 

PER CURIAM:  Following separate hearings on liability and damages,
 the family court held Clara M. Steele (Wife) in contempt for killing the plants surrounding the marital
 home following the parties divorce.  Wife now appeals the family courts order requiring her to pay David E. Steele (Husband) $45,759.90 in
 damages and an additional $1,500 in attorneys fees.  We affirm.    
FACTS
Husband and Wife were divorced on April 3, 2003.  They later
 entered into a property settlement agreement in which Husband agreed pay Wife
 $5,000 for moving expenses, $45,000 by May 15, 2003, and an additional $40,000
 by April 1, 2007.  Wife agreed to vacate the marital home by April 15, 2003.  Under
 this settlement agreement, each party promised not to destroy or damage any
 real or personal property of the other party.  The family court adopted and
 incorporated this agreement into its order dated March 28, 2003, concerning
 property division.  Wife held exclusive physical possession of the marital home
 until she vacated the home on April 15, 2003.  Shortly after Husband moved into
 the home on April 16, 2003, he observed signs of damage or disease in the
 plants and trees near the house.[1] 
 Within thirteen days, many of the plants around the house were dead or dying.    
Husband brought a contempt action against Wife, alleging she had
 damaged and destroyed plants, shrubs, and trees around the marital home, and
 requesting the family court permit him to withhold the $45,000 payment until
 the contempt action had been heard.  The family court granted his request to
 withhold payment and heard the contempt action on June 9, 2003.  Husband
 testified he believed Wife had applied an unknown biological agent to the
 soil.  To test this theory, Husband planted new plants in the contaminated soil
 to see if they would survive.  The new plants died almost immediately.  Husband
 also engaged other landscapers to help him document the damage and estimate the
 cost of repair.     
After a hearing, the family court held Wife in contempt, awarded
 Husband $1,000 in attorneys fees incurred in prosecuting the contempt action,
 and ordered Husband to engage the services of a licensed contractor to return
 the property as close as possible to its previous condition.  Furthermore, the
 family court ordered Wife to bear the cost of removing any contaminated soil
 and replacing all the plants that were destroyed.  Both the cost of restoring
 the property and the attorneys fees were to be deducted from the $45,000
 Husband owed Wife.    
Wife subsequently moved for reconsideration.  The family court amended
 the damages provision of the contempt order to require each party to obtain an
 estimate for removing the soil and replacing the plants and to attempt to come
 to an agreement on the cost of restoring the property.[2]  Both parties obtained estimates, but
 they were unable to agree upon cost. 
On February 26, 2007, the family court heard testimony to determine
 the measure of damages.  Wife presented an estimate of approximately $6,000,
 which reflected only the cost of planting new plants and trees.  Husband
 presented two estimates and an expert.  One estimate, for $18,505, covered
 replacing only the plants.  The other estimate, for approximately $78,000,
 reflected the costs of excavating, removing, disposing of, and replacing the
 contaminated soil; removing the dead plants and trees; and installing mature
 plants and trees the approximate sizes of those that died.  Husband also sought
 an additional $1,500 in attorneys fees incurred since the first hearing.  The
 family court awarded Husband $45,759.90 in damages and the additional $1,500 in
 attorneys fees, all to be deducted from the monies Husband owed Wife.  This
 appeal followed.
LAW/ANALYSIS
I.  Measure of
 Damages
Wife
 asserts the family court erred in using the cost of restoring the land as close
 as possible to its original condition to determine the amount of damages, when
 that cost was disproportionate to the diminution in value of the land.  We
 disagree.
In
 appeals from the family court, the appellate court has the authority to find
 the facts in accordance with its own view of the preponderance of the
 evidence.  Ex Parte Morris, 367 S.C. 56, 61, 624 S.E.2d 649,
 652 (2006).  However, this broad scope of review does not require the
 appellate court to disregard the findings of the family court.  Wooten v.
 Wooten, 364 S.C. 532, 540, 615 S.E.2d 98, 102 (2005).  Neither is the
 appellate court required to ignore the fact that the trial judge, who saw and
 heard the witnesses, was in a better position to evaluate their credibility and
 assign comparative weight to their testimony.  Latimer v. Farmer, 360
 S.C. 375, 380, 602 S.E.2d 32, 34 (2004).  [B]ecause the family court is
 in a superior position to judge the witnesses demeanor and veracity, its
 findings should be given broad discretion.  Doe v. Doe, 370 S.C. 206,
 211-12, 634 S.E.2d 51, 54 (Ct. App. 2006).
Generally,
 a court may measure damages to property by determining the cost of restoring
 damaged or destroyed trees, shrubs, and other vegetation.  Restatement (Second)
 of Torts § 929(1)(a) (1979).  If the restoration cost is disproportionate to
 the diminution in value of the land, the proper measure of damages is the lost
 value of the land, unless the owner has a personal reason for restoration.  Id. at cmt. b.   
Our
 supreme court has found the Restatements reasoning persuasive in measuring
 damages when noncommercial trees, shrubs, and related vegetation have been
 destroyed:  

 We
 adopt the following as the measure of damages:  The general measure of damages
 for damaged/destroyed noncommercial trees, shrubs, and related vegetation is
 the difference in the value of the entire parcel of land-damaged and undamaged
 portions-immediately before and after the loss.  When the property is
 restorable to its former condition at a cost less than the diminution in value,
 then the cost of restoration that has been or may be reasonably incurred or the
 diminution in value may be the proper measure of damages.  When
 the cost of restoration exceeds the diminution in value, then the greater cost
 of restoration will be allowed when the landowner has a personal reason
 relating to the land for restoring the land to its original condition and when
 the cost of restoration is reasonable in relation to the damage inflicted. 
 However, the landowner may not recover restoration costs which exceed the
 market value of the entire parcel prior to the loss.  Further, the jury may
 consider factors in determining the diminution in value, including but not
 limited to: the types and sizes of the damaged or destroyed trees and shrubs,
 the purpose for which the destroyed or damaged trees and shrubs were grown or
 maintained, the reasonable and practicable replacement costs, and the use of
 the particular land, including any aesthetic value to the landowners of such
 trees and shrubs. 

Vaught v. A.O. Hardee
 & Sons, Inc., 366 S.C. 475, 484, 623
 S.E.2d 373, 377-78 (2005) (emphasis added) (internal cites omitted).  
Husband,
 a landscaper by trade, testified he and Wife had planted numerous plants around
 the marital home in an effort to make it look nice.  Some of the trees around
 the home were mature, providing shade and measuring twelve inches in diameter
 when they were killed.  Husband testified he did all the major planting
 because Wifes medical conditions prevented her from doing it.  The family
 court observed Wifes sister and cousin testified at trial Wife stated if
 Husband received the house in the divorce, she would kill these landscaping
 improvements so Husband and his girlfriend would not be able to enjoy the
 house.  The family court found these witnesses more credible than Wifes
 witnesses, who testified they had not heard these statements and Wife would not
 have confided in Husbands witnesses.  
We
 agree with the family court the destruction of these plants and trees was
 vicious, vindictive, and designed to deny [Husband] and his intended wife
 quiet enjoyment of the house.  Furthermore, Husbands desire to restore the
 landscaping he personally labored to create around his home constitutes a personal
 reason relating to the land for restoring the land to its original condition.  See Vaught, 366 S.C. at 484, 623 S.E.2d at 378.  Husband
 testified the house and surrounding two acres where the landscaping was located
 were worth approximately $160,000.  Under Vaught, Husband is entitled to
 a reasonable damages award of less than $160,000.  The family courts award of
 $45,759.90 does not exceed this amount and reflects the reasonable cost of
 returning the land to its pre-injury condition.  Therefore, the family court
 did not err in awarding Husband damages based on the cost of restoring the lost
 plants and trees.  
II.  Speculative
 Damages
Wife asserts the
 family court erred in awarding damages
 that were speculative in nature.  We disagree.  

 The
 trial court is vested with considerable discretion over the amount of a damages
 award, and our review of the amount of damages is limited to the correction of
 errors of law.  In reviewing a damages award, we do not weigh the evidence, but
 determine if any evidence supports the award.

Vortex Sports &
 Entertainment, Inc. v. Ware, 378 S.C.
 197, 208, 662 S.E.2d 444, 450 (Ct. App. 2008).  
At the family
 courts behest, both Husband and Wife obtained professional estimates of the
 cost to repair the landscaping damage.  Because each party interpreted the degree of damage to its own
 advantage, the estimated repair costs differed considerably.  Wife contemplated
 replacing only the plants and presented an estimate of approximately $6,000. 
 Conversely, Husband sought to return the landscaped area to its pre-injury
 state and presented both expert testimony and two estimates.  His experts
 estimate, which included removing, disposing of, and replacing the contaminated
 soil, was approximately $78,000.[3] 
 His written estimate for plant replacement, only, totaled $18,505.  The family
 court ultimately awarded Husband $45,759.90 in damages, which is well within
 the range of costs established by the written and testimonial evidence. 
 Furthermore, the family court itemized the components of this award in its
 final order, and the estimates and testimony support the individual amounts. 
 Because the evidence supports the family courts award of damages, the award is
 not based upon speculative evidence, and the family court did not abuse its
 discretion.      
III.  Attorneys Fees
Wife
 asserts the family court erred in awarding Husband an additional $1,500 in
 attorneys fees.  We disagree.  
The
 family court has jurisdiction to award reasonable attorneys fees where a claim
 for attorneys fees is well-founded.  S.C. Code Ann. §§ 20-3-120 through -140,
 § 20-7-420(38) (Supp. 2007).  In a family court matter, [t]he award of
 attorneys fees . . . will only be disturbed upon a showing of abuse of
 discretion.  Upchurch v. Upchurch, 367 S.C. 16, 28, 624 S.E.2d 643, 648
 (2006).  A decision lacking a discernible reason is arbitrary and constitutes
 an abuse of discretion.  Johnson v. Johnson, 296 S.C. 289, 304, 372
 S.E.2d 107, 115 (Ct. App. 1988). 
Wife
 asserts the family court erred solely because it had already awarded Husband
 $1,000 in attorneys fees and any further award is barred by the doctrine of
 res judicata.  A party asserting res judicata must show: (1) identity of the
 parties; (2) identity of the subject matter; and (3) adjudication of the issue
 on the merits in the former suit by a court of competent jurisdiction.  Duckett
 v. Goforth, 374 S.C. 446, 465, 649 S.E.2d 72, 82 (Ct App. 2007) (emphasis omitted). 
 Although the parties to this award of attorneys fees are the same, the subject
 matter is not.  On June 16, 2003, the family court awarded Husband $1,000 in
 attorneys fees incurred in his action to determine Wifes liability for the
 loss of the plants and trees.  The attorneys fees now at issue were awarded on
 March 31, 2007, nearly four years later.  By this time, Husband had incurred
 attorneys fees for the damages portion of his action, which included a lengthy
 hearing at which Husbands counsel examined or cross-examined Husband, Wife, an
 expert, and a witness.  Because the family courts second award of attorneys
 fees occurred after Husband incurred additional expense to prosecute a
 different aspect of his claim, res judicata does not apply.  Therefore, no
 double recovery occurred, and the family court did not abuse its discretion in
 awarding Husband an additional $1,500 in attorneys fees.  
CONCLUSION
As
 to the issue of the proper measure of damages, we find the years of care and
 personal labor Husband invested in the landscaping surrounding the marital home
 constitute a personal reason for restoring the landscaping to its pre-injury
 condition.  We further find the amount of damages ordered by the family court
 was reasonable and did not exceed the value of the land.  Therefore, the family
 court did not err in measuring damages using the actual cost of restoration
 rather than the diminution in overall value of the land.[4] 
 Accordingly, we affirm the order of the family court on this issue.  
As
 to the issue of speculative damages, we find the professional estimates
 submitted into evidence by the parties support the family courts determination
 of damages.  The damages are not speculative.  Therefore, we affirm the order
 of the family court on this issue.  
Finally,
 as to the issue of attorneys fees, we find the doctrine of res judicata does
 not bar a supplemental award of attorneys fees because the supplemental award
 was based on additional work completed and additional fees incurred after the
 initial award.  Consequently, we affirm the order of the family court on this
 issue.  
Accordingly,
 the order of the family court is 
AFFIRMED.  
HUFF and
 GEATHERS, JJ., and CURETON, A.J., concur.

[1] Husband
 was a landscaper with a degree in horticulture and a South Carolina pesticide
license.  Wife was a master gardener with expertise in horticulture.
[2] Wife appealed from this order, and this court
 affirmed the family courts determination of liability but remanded for
 determination of damages.  See Steele v. Steele, 2004-UP-578
(Nov. 17, 2004).  
[3] This written estimate does not appear in the record,
but his expert testified in support of it.  
[4] There is no evidence of the difference in value of
the land before and after the injury to it.