THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mathis Plumbing
 Company, Inc., Respondent,
 
 
 

v.

 
 
 
 Thomas
 Firriolo, Appellant.
 
 
 

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-291
Heard April 26, 2012 - Filed May 9, 2012 

AFFIRMED

 
 
 
 J. Falkner Wilkes, of Greenville, for
 Appellant.
 Charles Franklin Turner, Jr., and Sarah
 Day Hurley, both of Greenville, for Respondent.
 
 
 

PER CURIAM: In this breach of contract action, Appellant Thomas
 Firriolo seeks review of the jury's verdict for Respondent Mathis Plumbing
 Company, Inc., on the ground that the verdict was not supported by the
 evidence. Firriolo also appeals the trial court's exclusion of testimony concerning
 an investigation of Mathis Plumbing Company's performance of the parties'
 contract by the South Carolina Department of Labor, Licensing and Regulation.[1] 
 We affirm pursuant to Rule 220(b)(1),
 SCACR, and the following authorities: Austin v. Stokes-Craven Holding Corp., 387 S.C. 22, 36, 691 S.E.2d 135, 142 (2010) ("The factual findings of the jury
 will not be disturbed unless no evidence reasonably supports the jury's
 findings."); Vaught
 v. A.O. Hardee & Sons, Inc., 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005)
 ("The admission of evidence is within the sound discretion of the trial
 judge, and absent a clear abuse of discretion amounting to an error of law, the
 trial court's ruling will not be disturbed on appeal."); id. ("To
 warrant reversal based on the admission or exclusion of evidence, the appellant
 must prove both the error of the ruling and the resulting prejudice, i.e.,
 there is a reasonable probability the jury's verdict was influenced by the
 wrongly admitted or excluded evidence."); Laser Supply & Servs.,
 Inc. v. Orchard Park Assocs., 382 S.C. 326, 338, 676 S.E.2d 139, 145 (Ct.
 App. 2009) ("A waiver is the intentional relinquishment of a known right."); id. at 337, 676 S.E.2d at
 145 (holding that the determination of whether one's actions constitute a waiver
 is a question of fact); Skipper v. Perrone, 382 S.C. 53, 62, 674 S.E.2d
 510, 514 (Ct. App. 2009) (holding that waiver may be expressed or implied
 by a party's conduct); Jamison v. Ford Motor Co., 373 S.C. 248, 260, 644
 S.E.2d 755, 761 (Ct. App. 2007) ("[A] reviewing court may not
 consider error claimed in the exclusion of testimony unless the record on
 appeal shows fairly what the rejected testimony would have been."); Pope
 v. Gordon, 359 S.C. 572, 585-86, 598 S.E.2d 288, 295 (Ct. App. 2004)
 (holding an issue that a party failed to address in its brief was not preserved
 for this court's review).
AFFIRMED.
PIEPER, KONDUROS, and GEATHERS,
 JJ., concur. 

[1] Prior to oral argument, Mathis Plumbing Company
 submitted a motion to supplement the Record on Appeal, which we granted.