**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

5 Star, Inc., Respondent,

v.

Ford Motor Company, Appellant.

Appellate Case No. 2008-107206

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2014-UP-357
Heard September 11, 2014 – Filed October 8, 2014

**AFFIRMED**

Curtis Lyman Ott, Gallivan, White & Boyd, P.A., of Columbia; C. Mitchell Brown, William C. Wood, Jr., and Michael J. Anzelmo, Nelson Mullins Riley & Scarborough, LLP, all of Columbia; and Carmelo Barone Sammataro and David Christopher Marshall, Turner Padget Graham & Laney, P.A., both of Columbia, for Appellant.

Thomas R. Goldstein, Belk Cobb Infinger & Goldstein, P.A., of North Charleston, for Respondent.

**PER CURIAM:**  5 Star, Inc. filed a products liability action against Ford Motor Company alleging the negligent design of the speed control deactivation switch in a pickup truck caused a fire that destroyed the truck and damaged other property owned by 5 Star.  A jury returned a verdict for 5 Star in the amount of $41,000. Ford appealed, arguing the trial court erred by (1) not dismissing the case due to 5 Star's alleged spoliation of evidence; (2) admitting an improper calculation of 5 Star's lost profits; (3) denying Ford's motions for a mistrial; (4) denying Ford's motions for a directed verdict and judgment notwithstanding the verdict (JNOV)[1] based on the claim that 5 Star presented no evidence Ford was negligent in the design of the deactivation switch; and (5) denying Ford's motions for a directed verdict and JNOV based on the claim that the truck was not in essentially the same condition as when it left Ford's control.

We reversed on issue (4), finding that because 5 Star presented no evidence Ford negligently designed the deactivation switch, the trial court erred in not directing a verdict for Ford.  *5 Star, Inc. v. Ford Motor Co.*, 395 S.C. 392, 396, 718 S.E.2d 220, 222 (Ct. App. 2011).  However, the supreme court reversed our decision and remanded the case to this court for resolution of Ford's remaining issues on appeal. 408 S.C. 362, 366 n.2, 371, 759 S.E.2d 139, 141 n.2, 144 (2014).  We now affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred by not dismissing the case due to 5 Star's alleged spoliation of evidence:  *Griffin Grading & Clearing, Inc. v. Tire Serv. Equip. Mfg. Co.*, 334 S.C. 193, 198, 511 S.E.2d 716, 718 (Ct. App. 1999) ("The selection of a sanction for discovery violations is within the trial court's discretion." (citing *Kershaw Cnty. Bd. of Educ. v. U.S. Gypsum Co.*, 302 S.C. 390, 395, 396 S.E.2d 369, 372 (1990))); *id.* ("This court will not interfere with that decision unless the trial court abused its discretion."); *Kershaw*, 302 S.C. at 395, 396 S.E.2d at 372 (stating that when one party alleges another party has destroyed evidence, a trial court has the discretion to decide the type of sanction to impose); *id.* ("An abuse of discretion may be found where the appellant shows that the conclusion reached by the trial court was without reasonable factual support and resulted in prejudice to the rights of appellant, thereby amounting to an error of law."); *id.* ("The burden is upon the appealing party to show that the trial court

---

[1] We interpret Ford's argument that it was "entitled to judgment" to mean the trial court erred in not granting its directed verdict and JNOV motions.

abused its discretion."); *id.* at 394-95, 396 S.E.2d at 372 (holding "the procedure followed by the trial court in this case"—giving an adverse inference jury instruction on the destruction of evidence—"was appropriate").

2.  As to whether the trial court erred by admitting an improper calculation of 5 Star's lost profits:  *Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005) ("The admission of evidence is within the sound discretion of the trial judge, and absent a clear abuse of discretion amounting to an error of law, the trial court's ruling will not be disturbed on appeal."); *id.* ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); *id.* (applying this standard of review to the issue of the proper measure of damages); *Sterling Dev. Co. v. Collins*, 309 S.C. 237, 242, 421 S.E.2d 402, 405 (1992) ("In claiming lost profits, the degree of proof required is that of reasonable certainty."); *id.* ("The proof must pass the realm of conjecture, speculation or opinion not founded on facts, and must consist of actual facts from which a reasonably accurate conclusion regarding the cause and the amount of the loss can be logically and rationally drawn."); *Collins Holding Corp. v. Landrum*, 360 S.C. 346, 350, 601 S.E.2d 332, 334 (2004) ("The law does not require absolute certainty of data upon which lost profits are to be estimated, but all that is required is such reasonable certainty that damages may not be based wholly upon speculation or conjecture, and it is sufficient if there is a certain standard or fixed method by which profits sought to be recovered may be estimated and determined with a fair degree of accuracy." (citation omitted)).

3.  As to whether the trial court erred by denying Ford's motions for a mistrial: *Vestry & Church Wardens of Church of Holy Cross v. Orkin Exterminating Co.*, 384 S.C. 441, 446, 682 S.E.2d 489, 492 (2009) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *id.* (stating an appellate court gives broad deference to the trial court's ruling because "[t]he trial court is in the best position to determine the credibility of the jurors").

4.  As to whether the trial court erred by denying Ford's directed verdict and JNOV motions based on the claim that the truck was not in essentially the same condition as when it left Ford's control:  *Hurd v. Williamsburg Cnty.*, 363 S.C. 421, 426, 611 S.E.2d 488, 491 (2005) ("When reviewing a ruling on a motion for directed verdict, we must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* ("If the evidence as a whole is susceptible of more than one reasonable inference, the trial judge must submit the case to the

jury."); *Jinks v. Richland Cnty.*, 355 S.C. 341, 345, 585 S.E.2d 281, 283 (2003) (stating that in ruling on a JNOV motion, a trial court must view the evidence and all reasonable inferences in the light most favorable to the opposing party and deny the motion when either the evidence yields more than one inference or its inference is in doubt"); *Watson v. Ford Motor Co.*, 389 S.C. 434, 455, 699 S.E.2d 169, 180 (2010) (stating an appellate court will reverse a trial court's ruling on a JNOV motion "only when there is no evidence to support the ruling or when the ruling is governed by an error of law"); *5 Star, Inc. v. Ford Motor Co.*, 408 S.C. 362, 370-71, 759 S.E.2d 139, 143-44 (2014) (stating a plaintiff in a negligent design products liability action may prove negligence by using circumstantial evidence (citing *Sunvillas Homeowners Ass'n v. Square D Co.*, 301 S.C. 330, 334, 391 S.E.2d 868, 870 (Ct. App. 1990))).

**FEW, C.J., and THOMAS and KONDUROS, JJ., concur.**

**AFFIRMED.**