**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James L. Dawkins and Delphine Dawkins, Appellants,

v.

Troy Lee Watts, Jr., Respondent.

Appellate Case No. 2013-000666

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2015-UP-242
Submitted March 1, 2015 – Filed May 6, 2015

**AFFIRMED**

Donald R. Moorhead, of Donald R. Moorhead, PA, of Greenville; and Cynthia Barrier Patterson, of Columbia, for Appellants.

Marcus Kirk McGarr, of Marcus K. McGarr, PA, of Greenville, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred by denying James L. Dawkins's motions for a new trial on damages or a new trial nisi additur: *Todd v. Joyner*, 385 S.C. 509, 517, 685 S.E.2d 613, 618 (Ct. App. 2008), *aff'd*, 385 S.C. 421, 685 S.E.2d 595 (2009) ("The denial of a motion for a new trial [nisi additur] is within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion."); *id.* at 517-18, 685 S.E.2d at 618 ("A trial court does not abuse its discretion in denying a motion for new trial [nisi additur] where evidence in the record supports the jury's verdict."); *Cartin v. Keller Bldg. Prods. of Charleston*, 299 S.C. 152, 153, 382 S.E.2d 922, 923 (1989) ("The law in South Carolina is clear that when a verdict *in favor of a plaintiff* is fully supported by the evidence on the issue of liability but the damages awarded are inadequate, a new trial [may] be ordered on the issue of damages alone." (emphasis added)).

2.  As to whether the trial court erred by allowing Troy Lee Watts's counsel to refer to Watts as his client: *Doe v. S.B.M.*, 327 S.C. 352, 356, 488 S.E.2d 878, 880 (Ct. App. 1997) ("A contemporaneous objection is required to properly preserve an error for appellate review.  The failure to make an objection at the time evidence is offered constitutes a waiver of the right to object." (citation omitted)); *Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 39, 691 S.E.2d 135, 143-44 (2010) (explaining that when a party objects and receives the relief it sought, there is no issue for the appellate court to decide).

3. As to whether the trial court erred by allowing Watts's counsel to present evidence showing Dawkins received disability benefits prior to the collision: *Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005) ("The admission of evidence is within the sound discretion of the trial [court], and absent a clear abuse of discretion amounting to an error of law, the trial court's ruling will not be disturbed on appeal."); *Johnson v. Horry Cnty. Solid Waste Auth.*, 389 S.C. 528, 534, 698 S.E.2d 835, 838 (Ct. App. 2010) ("An appellate court reviews Rule 403 rulings pursuant to an abuse of discretion standard and gives great deference to the trial court." (internal quotation marks and citation omitted)); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *Johnson*, 389 S.C. at 534, 698 S.E.2d at 838 ("Unfair prejudice means an undue tendency to suggest a decision on an improper basis." (internal quotation marks and citation omitted)).

4.  As to whether the trial court erred by allowing Watts's counsel to present evidence showing Dawkins had health insurance benefits during June 2009 because it violated the collateral source rule:  *Vaught*, 366 S.C. at 480, 623 S.E.2d

at 375 ("The admission of evidence is within the sound discretion of the trial [court], and absent a clear abuse of discretion amounting to an error of law, the trial court's ruling will not be disturbed on appeal."); Rule 607, SCRE ("The credibility of a witness may be attacked by any party, including the party calling the witness."); *Bonaparte v. Floyd*, 291 S.C. 427, 443, 354 S.E.2d 40, 50 (Ct. App. 1987) (finding the trial court did not abuse its discretion by admitting evidence showing the plaintiff had health insurance after the plaintiff testified she could not afford to attend doctor's visits because the evidence had "relevance to the [plaintiff]'s credibility").[1]

**AFFIRMED.**[2]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] As to whether the trial court erred by allowing Watts's counsel to present evidence showing Dawkins had health insurance benefits during June 2009 because its probative value was substantially outweighed by the danger of unfair prejudice: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.