**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jeanne Knollinger, Appellant,

v.

Ryan Noel Oliver, Respondent.

Appellate Case No. 2018-002095

———————

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-149
Submitted April 1, 2021 – Filed May 5, 2021

———————

**AFFIRMED**

———————

Ryan Christopher Andrews, of Cobb, Dill & Hammett,
LLC, of Mount Pleasant, for Appellant.

Langdon Cheves, III, of Turner Padget Graham & Laney,
PA, of Greenville, for Respondent.

———————

**PER CURIAM:** Jeanne Knollinger appeals a jury verdict in favor of Ryan Noel
Oliver finding him not liable for negligence after she struck Oliver's rented moving
truck while he attempted a left-hand turn. Knollinger argues the trial court erred
by excluding an Enterprise Rent-A-Car (Enterprise) incident report, testimony
regarding a statement made by an unidentified witness following the accident, and

testimony regarding a dismissed counterclaim brought by Enterprise. She also contends the trial court erroneously denied her motions for judgment notwithstanding the verdict (JNOV) and for a new trial because the evidence supported only one conclusion—that Oliver was negligent—and because Oliver confused the jury by invoking a Golden Rule argument during his closing remarks. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. Knollinger's argument regarding the exclusion of Enterprise's incident report was not preserved for appellate review because she substituted new arguments in her Rule 59(e), SCRCP, motion and did not proffer the report or related testimony following the trial court's ruling that the report should be excluded. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial."); *Jamison v. Ford Motor Co.*, 373 S.C. 248, 260, 644 S.E.2d 755, 761 (Ct. App. 2007) ("The failure to make a proffer of excluded evidence will preclude review on appeal.").

2. Knollinger's argument regarding the exclusion of a statement made by an unknown witness was not preserved for appellate review because Knollinger failed to proffer any evidence regarding the statement following the trial court's ruling that the statement should be excluded. *See Jamison*, 373 S.C. at 260, 644 S.E.2d at 761 ("The failure to make a proffer of excluded evidence will preclude review on appeal.").

3. The trial court did not err in excluding testimony regarding Enterprise's dismissed counterclaim against Knollinger because the counterclaim was not relevant to the negligence claim. *See Vaught v. A.O. Hardee & Sons, Inc.*, 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005) ("The admission of evidence is within the sound discretion of the trial [court], and absent a clear abuse of discretion amounting to an error of law, the trial court's ruling will not be disturbed on appeal."); *id.* ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 402, SCRE ("Evidence which is not relevant is not admissible."). The only action at trial was Knollinger's original claim of negligence against Oliver, and any mention of the counterclaim would not have made Oliver's liability to Knollinger more or less

probable. Therefore, testimony regarding Enterprise's counterclaim was inadmissible because it was not relevant to issue of liability, and the trial court did not err when it excluded the evidence.

4. The trial court did not err when it denied Knollinger's motions for JNOV and for a new trial because evidence supported the trial court's ruling. *See Burns v. Universal Health Servs., Inc.*, 361 S.C. 221, 232, 603 S.E.2d 605, 611 (Ct. App. 2004) ("The appellate court will reverse the trial court's ruling on a JNOV motion only when there is no evidence to support the ruling or where the ruling is controlled by an error of law."); *Creighton v. Coligny Plaza Ltd. P'ship*, 334 S.C. 96, 112, 512 S.E.2d 510, 518 (Ct. App. 1998) (holding a JNOV motion "should not be granted unless only one reasonable inference can be drawn from the evidence"); *Norton v. Norfolk S. Ry. Co.*, 350 S.C. 473, 478, 567 S.E.2d 851, 854 (2002) ("Upon review, a trial [court's] order granting or denying a new trial will be upheld unless the order is 'wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law.'" (quoting *Folkens v. Hunt*, 300 S.C. 251, 255, 387 S.E.2d 265, 267 (1990))). We find evidence supported the trial court's denial of both motions. Specifically, Knollinger testified Oliver's truck was stationary when she reached the intersection and began to merge. Oliver, however, testified the cab of his truck was either in the median or had traveled over the median when he first became aware of Knollinger's vehicle in the road and saw Knollinger turn her head forward and notice him in the seconds before the accident. Because these facts raise more than one reasonable inference and support the trial court's denial of Knollinger's new trial and JNOV motions, we find the trial court did not err in denying these motions.[1]

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We find Knollinger's argument that the trial court erred by refusing her request for a curative instruction following Oliver's Golden Rule argument was not preserved for appellate review. *See Murray v. Bank of Am., N.A.*, 354 S.C. 337, 347, 580 S.E.2d 194, 200 (Ct. App. 2003) (holding the appellant failed to preserve an objection when it did not request a curative instruction after the trial court sustained the objection); *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 214-15, 723 S.E.2d 597, 609 (Ct. App. 2012) (finding a motion was not preserved for appellate review when the special referee alluded to the motion but the record did not contain either side's argument or the actual ruling).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.