19048

Ruth K. MOORE, as Administratrix of the Estate of John M. Moore, Jr., Appellant, v. CROWLEY AND ASSOCIATES, INC., Respondent.

(174 S. E. (2d) 340)

*E. Windell McCrackin, Esq.,* of Myrtle Beach, *for Appellant.*

*John W. Jenrette, Jr., of Jenrette & Wheless,* of Ocean Drive Beach, *for Respondent,*

May 5, 1970.

Moss, Chief Justice.

Ruth K. Moore, as administratrix of the estate of John M. Moore, Jr., deceased, the appellant herein, brought this action against Crowley and Associates, Inc., the respondent herein, for recovery of a balance of salary due the intestate, a former employee of the respondent.

It is alleged in the complaint that between December 1, 1959, and November 27, 1963, John M. Moore, Jr., was employed by the respondent as manager of the Sea Ranch and Ocean View Motels, located at Garden City, South Carolina, at a salary of $6,000.00 per year. It is then alleged that there is a balance due of $15,500.00 as salary and it is for this amount that judgment is asked by the appellant. This demand was reduced during the trial, by amendment, to $12,-500.00.

The respondent, by answer, admitted that John M. Moore, Jr., was employed as manager of the aforesaid motels at an agreed salary of $5,000.00 per year. It is further alleged that the said John M. Moore, Jr., as treasurer of the respondent, was in complete charge of its finances, receiving and disbursing the income from the operation of said motels. It is further alleged that during the managership of John M. Moore, Jr., that the income from the operation of the said motels exceeded the expenditures by more than $20,000.00, all according to the books and records maintained by him, which said

difference remains unaccounted for except as having been paid to him as compensation for his services. The respondent alleged that it was entitled to offset said sum against any amount found to be due to the appellant.

> A claim for services rendered rests on contract and ■ an action for a breach thereof is one at law. The appellant admits this is an action at law.

This action was referred, by consent order, to the Master of Horry County to take the testimony and report his findings of fact and conclusions of law. A reference was convened and the testimony taken, with several exhibits being offered in evidence. The Master found that the decedent was employed by the respondent at a salary of $5,000.00 per year and that he had complete charge of the collection and disbursement of funds belonging to respondent. He further found that the decedent actually withdrew from the funds of the corporation in his possession $20,634.48, and that the amount so withdrawn exceeded the agreed compensation to which he was entitled. He concluded, as a matter of law, that such withdrawal of the respondent's funds constituted payment by the corporation to the decedent for his services rendered, and that as a consequence thereof, the demand set forth in the complaint was discharged.

The appellant excepted to the Master's report, asserting that he was in error in finding as a fact that the decedent had withdrawn more funds from the respondent than the agreed compensation to which he was entitled, the error being that such finding was against the preponderance of the evidence and without evidentiary support in the record. The exception of the appellant came on to be heard before The Honorable James B. Morrison, Resident Judge of the Fifteenth Judicial Circuit, who, by a formal order, affirmed the report of the Master. The appeal to this court followed.

The question here for decision is whether the trial judge erred in affirming the finding of the Master that the appellant's decedent had withdrawn more funds from the respondent than the agreed compensation to which he was entitled.

This case was one at law but was submitted to the Master by consent of the parties and his findings were approved by the court. While the findings of fact, as well as of law, by the Master may be affirmed, modified or reversed by the circuit judge upon exceptions to the Master's report, this court has no power to reverse the findings of fact of a circuit judge in a case at law if he had before him any evidence whatever to support his findings. We can only review the facts on appeal to determine whether there was any evidence to sustain the findings made by the Master and the Circuit Judge. *Sumter Electric Rewinding Co. v. Aiken Clays,* 230 S. C. 229, 95 S. E. (2d) 259; *Allen, Inc. v. Island Co-op. Ass'n., Ltd.,* 234 S. C. 537, 109 S. E. (2d) 446.

The first issue of fact for determination is what was the decedent's annual salary. The appellant asserts that such was $6,000.00. The president of the respondent testified that the annual rate of compensation was $5,000.00. The Master found that the agreed compensation for the services of the decedent was $5,000.00 per year and this was confirmed by the circuit judge. This finding has evidentiary support and is conclusive on us.

The next question of fact for determination was whether the decedent's salary had been paid by his retention and use of funds of the respondent. There is testimony by one Shumaker that he made an audit of the books of the two motels after the death of John M. Moore, Jr., and that there was an unaccounted for total discrepancy between the receipts and disbursements in the mount of $19,311.44. He also found a series of corporation checks signed by the decedent in the total amount of $1,323.04, representing disbursements made by Moore to himself or for his benefit. These checks, together with the difference between the receipts and disbursements, make a total of $20,634.48, for which the decedent was responsible. The Master found that the decedent had complete charge of the collections and disbursements of the funds of the corporation and that he ac-

tually withdrew from the funds of the corporation a total of $20,630.48, which was in excess of any compensation to which he was entitled.

The appellant contended that her decedent had made certain loans to the corporation, including one in the amount of $6,926.15. The president of the respondent testified that such represented a transfer of funds belonging to the corporation. He testified that the respondent was incorporated in July, 1959, and prior thereto the business was operated as a partnership or an association with the decedent handling all of its funds in his own name. He further testified that following the incorporation of the respondent the funds paid over by the decedent to the corporation were the company's own money and such were not loans. This same witness testified that the decedent was responsible for receiving the funds from the operation of the motels and was charged with the duty of properly disbursing such funds and that he had found that there was a serious shortage of funds during the time that the decedent operated the motels and that he was responsible for the money.

The Master concluded, and the Circuit Judge affirmed, that the withdrawal of the corporation's funds in an amount in excess of any compensation to which the decedent was entitled, constituted payment by the corporation and, as a consequence, the appellant was not entitled to recover any sum from the respondent.

We conclude that the facts as found by the Master and approved by the Circuit Judge were not without evidentiary support and are, therefore, conclusive and not reviewable here.

The judgment of the lower court is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.