20397

Doris OWENS, Respondent, v. ZIPPY MART OF SOUTH CARO-
LINA, INC., Appellant.

(234 S. E. (2d) 217)

*Thomas H. Curlee, Jr., Esq.,* of *Lourie, Draine and Curlee,* Columbia, and *Kenneth Sowell,* of Greenville, *for Appellant,*

*Messrs. Warder* and *Steele,* of Greenville, *for Respondent,*

April 12, 1977.

NESS, Justice:

Respondent Doris Owens instituted this conversion action against her former employer, Zippy Mart. The jury returned a judgment in favor of the Respondent in the amount of $425.60 actual damages and $5,000.00 punitive damages. We find the Respondent failed to prove any act of conversion and reverse.

Doris Owens, while an employee of Zippy Mart, admittedly earned unpaid wages totalling $425.60. Zippy Mart

refused to compensate her asserting she had failed to properly account for $1,100.00 and pursuant to the management contract, executed by the parties, Zippy Mart was entitled to setoff against salary any loss occasioned by the employee. Respondent contended that she was attempting to make a noon-day deposit of the receipts when she was robbed. Zippy Mart claimed the robbery was concocted.

Ordinarily, an action for services rendered is on contract and not in tort. *Moore v. Crowley and Associates, Inc.*, 254 S. C. 170, 174 S. E. (2d) 340 (1970); *Holland v. Spartanburg Herald-Journal Co.*, 166 S. C. 454, 165 S. E. 203 (1932); *King v. Western Union Tel. Co.*, 84 S. C. 73, 65 S. E. 944 (1908); 56 C. J. S. Master and Servant § 122. Respondent would distinguish these authorities principally relying on *Owens v. Andrews Bank & Trust Co.*, 265 S. C. 490, 220 S. E. (2d) 116 (1975), wherein a depositor was allowed to maintain an action for conversion of her Christmas Club Account.

*Owens* was predicated on conduct more onerous than a simple breach of contract. The Bank attempted to withhold delivery of the depositor's funds in order to coerce the depositor's husband to satisfy a personal debt. While emphasizing the depositor's immediate right to possession and the want of any legal right to detain delivery of the funds, *Owens* was couched primarily on the character and motive of conduct involved:

"* * * The Bank's refusal to deliver the check, which represented plaintiff's funds, upon demand, and its use of the check for its own wrongful and illegal purpose to the plaintiff's detriment, constituted the tort complained of."

265 S. C. at 498, 220 S. E. (2d) at 120.

Moreover, the following acknowledgement in *Owens* is especially germane:

"* * * However, there can be no conversion where there is a mere obligation to pay a debt. [89 C. J. S. Trover and

Conversion § 23 p. 541 (1955) ]. Thus where there is merely the relationship of debtor and creditor, an action based on conversion of the funds representing the debt is improper. 18 Am. Jur. (2d) Conversion § 10 p. 164 (1965)."

265 S. C. at 497, 220 S. E. (2d) at 119.

■ The instant fact situation was not marked by oppressive conduct of the appellant. Pursuant to the management contract appellant had a legal right to contest payment of the salary and respondent had only a disputed claim for her wages, not an immediate right to payment. Conversion is a wrongful act and cannot arise from the exercise of a legal right. *Castell v. Stephenson Finance Co.,* 244 S. C. 45, 135 S. E. (2d) 311 (1964); *General Motors Acceptance Corp. v. Hanahan,* 146 S. C. 257, 143 S. E. 820 (1928).

■ The relationship between the parties was one of creditor and debtor. Appellant's conduct was not sufficient to constitute a tort of conversion. At most, appellant's actions amounted to a simple breach of contract, which would not be foreclosed by this opinion.

In light of the resolution of this question, we need not reach the remaining exceptions.

We, therefore, reverse the jury verdict and remand for entry of judgment in favor of the appellant.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.