23699

STERLING DEVELOPMENT COMPANY, Respondent v. Roy E.
COLLINS, Jr., and Roy E. Collins, III, Appellants.

(421 S.E. (2d) 402)

Supreme Court

*John E. Johnston, Jr.* and *Jack H. Tedards, Jr.*, of *Leatherwood, Walker, Todd & Mann, P.C.*, Greenville, *for appellants.*

*O.G. Calhoun, Jesse C. Belcher*, and *George E. Frazer, Jr.*, of *Haynsworth, Marion, McKay & Guerard*, Greenville, *for respondents.*

Heard May 6, 1992.

Decided Aug. 31, 1992.

Reh. Den. Sept. 22, 1992.

TOAL, Justice:

This appeal involves a breach of a real estate sale contract. The jury found the Appellants ("the Collins") breached the contract and awarded damages to the Respondent ("Sterling") which included lost profits. The Collins brought this appeal arguing there was no evidence of their breach and the damages based on lost profits were awarded in error. We affirm the trial court on both issues.

## FACTS

Sterling agreed to purchase one-half interest in a sixteen-acre tract of land owned by the Collins to develop a shopping center. Under the contact, the Collins would retain the remaining one-half interest until the shopping center parking lot was substantially complete and the Collins' store, to be located in the shopping center, was completed. Upon completion of the Collins store, the contract provided that Sterling would deed fee simple title of the Collins' store to the Collins in exchange for their remaining one-half interest in the land. The contract set forth a detailed list of requirements for any mortgage given on the property by Sterling. There requirements were designed to protect the Collins' interest in the property and their store. The time of closing, although extended several times by agreement of the parties, was ultimately required to occur within thirty days of July 31, 1989.

In a letter dated July 31, 1989, Sterling notified the Collins that Sterling would be ready to close the sale on August 31, 1989. The Collins indicated, however, they were not willing to close on the sale unless the closing of the construction loan mortgage would take place simultaneously. It is undisputed a simultaneous closing was not a requirement of the contract. The contract did not require a mortgage but merely placed restrictions on the terms of a mortgage if Sterling elected to procure this form of outside financing. Nevertheless, the President of Sterling, Vaughn, testified he tried to accommodate the Collins by attempting to close the construction loan

at the time of the sale closing. Vaughn maintained he informed the Collins that this was not a condition of the contract and that Sterling was fully able and willing to perform the contract with a cash closing. When Sterling was unable to procure loan documents from its proposed lender by August 30, 1989, a second closing was set for September 15. Although the parties met on that date, the loan documents were still not satisfactory to the Collins. On September 21, 1989 Vaughn notified the Collins the loan documents were still not completed by the lender but Sterling stood ready to close the sale for cash. On September 27, 1989 the Collins responded by unequivocally and totally repudiating the contract due to Sterling's alleged breach. Sterling, then, brought this action against the Collins for breach of contract.

There was evidence that at the time of the Collins' repudiation, Sterling had a lease agreement with Bi-Lo. This agreement required the footings and foundation for the Bi-Lo store to be in place by August 1, 1989. The lease agreement, however, gave Sterling a ninety-day cure period before Bi-Lo could terminate the lease. Additionally, this deadline had been extended once and there was testimony that Bi-Lo was willing to extend this deadline again. On October 31, after the Collins repudiated the contract and the ninety-day cure period had lapsed, Bi-Lo terminated the lease.

## LAW/ANALYSIS

An action for breach of contract seeking money damages is an action at law. *Moore v. Crowley & Associates, Inc.*, 254 S.C. 170, 174 S.E. (2d) 340 (1970). In an action at law, the factual findings of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings. *Townes Associates, Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976).

The Collins argue that Sterling agreed to close the sale at the same time as the construction loan and to do so within the date specified in the contract. This assertion is not supported by the evidence. There is no evidence that Sterling ever agreed to perform both closings by August 30 or by September 15. Nor would such an agreement have been

binding without consideration or compliance with the statute of frauds. *Player v. Chandler*, 299 S.C. 101, 382 S.E. (2d) 891 (1989) (any modification of a written contract much satisfy all requisites of a valid contract). Nevertheless, the Collins argue Sterling "acquiesced" this additional term and it became binding under a theory of waiver. This argument, besides being unsupported by the evidence, is inconsistent with waiver principles. A waiver does not require consideration when the doctrine is invoked to prevent forfeiture, or where a party elects to abandon some provision or condition inserted in a contract for his benefit or where some element of estoppel is present. *Salley v. McCoy*, 182 S.C. 249, 189 S.E. 196 (1936). The Collins are asserting waiver not to prevent a forfeiture by to justify their repudiation. Further, enforcement of this new term against Sterling would not constitute an abandonment of a provision in the contract inserted for Sterling's benefit. Finally, no tenable estoppel argument is made. At most, by attempting to accommodate the Collins new condition, Sterling may have waived its right to a cash closing by the original date specified in the contract. Additionally, the jury may have found the Collins also waived strict compliance with the closing date provision by insisting on this additional term. Thus, the jury could have found the Collins breached the contract by their unequivocal repudiation on July 27.

Additionally, there was evidence that the failure to close the construction loan was primarily due to the Collins' unwarranted rejection of the loan documents. The Collins insisted the mortgage documents provide for the release of the Collins' store once the store was completed. This was not required by the contract. Sterling was obligated to convey to the Collins the unencumbered titled to its store on its completion. However, this performance was not due at the time of the closing. Vaughn testified that once the center was built he intended to pay off the construction loan either with Sterling's cash reserves or enter into another permanent mortgage agreement excluding the Collins' store as collateral.

The Collins further argue that Sterling never made a proper tender. This argument is also without merit.

Tender is excused by the imposition of unwarranted conditions by the person to whom it was to be made. 15

*Williston on Contracts* § 1819 (Jaeger 3d ed. 1972). When the obligee has manifested to the obligor that tender, if made, will not be accepted, the obligor is excused from making tender as it would be at most merely a futile gesture. *Id. Accord McCall Co. v. Hobbs-Henderson Co.*, 138 S.C. 435, 136 S.E. 762 (1927). The Collins made it clear a closing on the sale without a simultaneous closing of the construction loan would not be acceptable. Sterling, therefore, was not required to tender its performance. It is enough that Sterling stood ready and able to perform.

The Collins also argue Sterling's damages relating to future damages profits were too speculative. In claiming lost profits, the degree of proof required is that of reasonable certainty. *South Carolina Finance Corp. v. West Side Finance Co.*, 236 S.C. 109, 113 S.E. (2d) (1960). The proof must pass the realm of conjecture, speculation or opinion not founded on facts, and must consist of actual facts from which a reasonably accurate conclusion regarding the cause and the amount of the loss can be logically and rationally drawn. *Drews Co. v. Ledwith-Wolfe Assoc.*, 296 S.C. 207, 371 S.E. (2d) 532 (1988). The Collins rest their argument on the fact that the profits were contingent on the Bi-Lo lease which they claim was void at the time of Collins' alleged breach. According to Vaughn's testimony, Sterling was in technical breach of the lease agreement with Bi-Lo on August 1 since the agreement required the footings and foundation to be in place at that time. However, this was not a total breach. The contract provided for a ninety-day cure period before Bi-Lo had the right to terminate the lease. The letter in which Bi-Lo repudiated the lease agreement was dated October 1 which coincided with the end of the cure period and was after Collins' breach. Additionally, there was testimony that Bi-Lo orally agreed to extend this time period. Therefore, there was sufficient evidence from which a jury could find that but for Collins' breach this lease agreement would still be in effect. Accordingly, we affirm the jury's award of damages.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.