THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Rapid Industries, Inc., Respondent,
v.
Industrial Service Works, Inc., and William Benjamin Streett and Charles R. Wingate, Jr., Defendants, Of whom Charles R. Wingate, Jr. is
Appellant.
 
 
 

Appeal From Darlington County
Eugene P. Warr, Jr., Special Referee

Unpublished Opinion No. 2007-UP-083
Submitted January 1, 2007  Filed February 15, 2007   

AFFIRMED

 
 
 
Robert D. McKissick, of Florence, for Appellant.
D. Kenneth Baker, of Darlington, for Respondent.
 
 
 

PER CURIAM:  In this action for breach of a commercial lease, Charles R. Wingate, Jr. appeals the special referees award of damages to Rapid Industries, Inc. (Landlord).  Wingate argues the special referee erred in finding Landlord mitigated its damages and summarily awarding attorneys fees.  We affirm.[1]
FACTS
On June 26, 2000, Landlord entered into a lease agreement with Industrial Service Works, Inc. (Tenant).  Tenant agreed to lease from Landlord certain land with an office, warehouse, and truck scale.  The lease sets rent at $1,000 a month and covers three years, from June 1, 2000 to May 31, 2003.  In addition, Landlord is authorized to collect a 15% late fee and attorneys fees in the event Tenant defaults.  Wingate and William Benjamin Streett guaranteed the lease.[2]    
Tenant made two lease payments and subsequently defaulted.  On December 16, 2002, Landlord filed a complaint against Tenant, Wingate, and Streett.  Wingate answered and asserted affirmative defenses, including an allegation that Landlord failed to mitigate its damages.  The case was referred to a special referee.  At the hearing, Robert B. Pace, Landlords president and sole shareholder, testified about his attempts to mitigate Landlords damages.    
The special referee found Pace made minimal efforts to mitigate Landlords damages.  However, he noted Pace did make some effort to lease or sell the property, and the propertys character made it one which would be difficult to lease or sell.  As a result, the special referee awarded Landlord damages in the amount of $12,000, representing one year of rent payments.  In addition, he ordered Wingate to pay the 15% late fee due on this amount and attorneys fees totaling $3,000.  This appeal followed.
STANDARD OF REVIEW
An action for breach of contract seeking damages is one at law.  Sterling Dev. Co. v. Collins, 309 S.C. 237, 240, 421 S.E.2d 402, 404 (1992).  In an
action at law, the appellate court will correct any error of law, but it must affirm the special
referees factual findings unless no evidence reasonably supports those findings.  Roberts v. Gaskins, 327 S.C. 478, 483, 486 S.E.2d 771, 773 (Ct. App. 1997).
LAW/ANALYSIS
I. Mitigation
Wingate contends no evidence supports the special referees conclusion with respect to the mitigation of damages issue.  We disagree.
A party injured by the acts of another is required to do those things a person of ordinary prudence would do under the circumstances to mitigate damages; however, the law does not require unreasonable exertion or substantial expense for this to be accomplished.  Genovese v. Bergeron, 327 S.C. 567, 572, 490 S.E.2d 608, 611 (Ct. App. 1997).  A failure to attempt to mitigate damages will not bar plaintiff entirely from a recovery, but will only prevent the recovery of such damages as might have been avoided by reasonable efforts on his or her part.  25 C.J.S. Damages §47 (Supp. 2006) (emphasis added).
The party asserting the defense of mitigation bears the burden of establishing a lack of due diligence in minimizing damages.  Perry v. Green, 313 S.C. 250, 255, 437 S.E.2d 150, 153 (Ct. App. 1993).  Whether a party acted reasonably to mitigate damages is ordinarily a question of fact.  Baril v. Aiken Regl Med. Ctrs., 352 S.C. 271, 285, 573 S.E.2d 830, 838 (Ct. App. 2002).
In this case, Pace testified he contacted everybody [he] could think of [to ask] if they wanted to rent [the property].  He negotiated with a railroad and a local steel company, both of which decided not to lease the property.  During this time, approximately twelve people contacted Pace to inquire about the property.  After these efforts failed, Pace contacted a real estate agent and put the property up for sale sometime in 2003.[3]  Pace testified the nature of the property deterred potential lessees, specifically the local steel company.  In addition, despite the use of a real estate agent after 2003, the property had not been sold or leased at the time of the hearing, in October 2005.  
The special referee found [p]rior to listing the property for sale with an agent in 2003, [Landlord] made minimal efforts to lease or sell the property.  He further noted, Pace . . . did not try very hard during the lease period to sell or lease the subject property.  However, the special referee also noted the special nature of the property made it difficult to find a willing lessee or purchaser.  Therefore, even if Landlord failed to mitigate damages as a matter of law, evidence supports the special referees conclusion this failure would not entirely bar Landlords recovery.
II. Attorneys Fees
Wingate maintains the special referee erred in the method with which it awarded attorneys fees to Landlord.  We find Wingate failed to preserve this issue for our review.
In the present case, Pace listed the damages Landlord claimed as a result of Tenants breach of the lease, including $15,218.00 in attorneys fees.  Wingates counsel informed the special referee: [W]ith regard to attorney[]s fees, II guess I would just simply require them to produce an agreement between [Landlord and his attorney], just for the record.    Landlords counsel produced his written agreement with Landlord and entered it into the record.  
In his November 16, 2005 order, the special referee awarded $3,000 in attorneys fees.  The special referee simply noted this amount represented 25% of the rent award.  We make no comment on the appropriateness of this award because it is not preserved for our review.  Wingate did not raise this issue to the special referee or make a Rule 59, SCRCP, motion to attempt to correct this error.  See Grant v. S.C. Coastal Council, 319 S.C. 348, 356, 461 S.E.2d 388, 392 (1995) (holding alleged errors in a trial courts order must be raised in a Rule 59 motion to be preserved for appellate review).  Although the general issue of attorneys fees was raised to and ruled upon by the special referee, an objection as to the methods used to calculate the award as it was presented in the order was never raised.  Therefore, since the special referee was never presented with this issue, we hold Wingate failed to preserve this issue for our review.
CONCLUSION
We hold evidence supports the special referees findings with respect to mitigation of damages.  Furthermore, Wingate failed to preserve for appellate
review his challenge to the special referees method of awarding attorneys fees.  Accordingly, the special referees decision is
 AFFIRMED.
GOOLSBY, STILWELL, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Streett later declared bankruptcy.  He is not a party to this appeal.
[3] Paces efforts to sell the property occurred after the lease term would have expired.