715 S.E.2d 331

**FOREIGN ACADEMIC & CULTURAL EXCHANGE SERVICES, INC., Appellant,**

v.

**Daniela TRIPON, Respondent.**

**No. 27036.**

Supreme Court of South Carolina.

Heard May 24, 2011.
Decided Aug. 29, 2011.
Rehearing Denied Oct. 5, 2011.

198

Rebecca Guental Fulmer, of Columbia, for Appellant.

David Eliot Rothstein, of Greenville, for Respondent.

PER CURIAM.

Appellant Foreign Academic & Cultural Exchange Services, Inc. (FACES) instituted this action against respondent for breach of contract, breach of the duty of loyalty, and injunctive relief. The circuit court granted summary judgment in favor of respondent as to all causes of action. FACES appeals.[1] We reverse.

## FACTS

FACES, a for-profit company headquartered in South Carolina, recruits teachers from outside the United States and

---

1. FACES does not appeal the grant of summary judgment as to the action for injunctive relief.

places them with schools within the state pursuant to the Mutual Educational and Cultural Exchange Program. See 22 U.S.C.A. § 2451 et seq. In 2003, respondent, a Romanian citizen, contracted with FACES to participate in its program, and entered the United States on a J–1 visa. Pursuant to the "foreign residency requirement" of the J–1 visa, respondent was required to return to her home country and remain there for at least two years following departure from the United States. See 8 U.S.C.A. § 1182(e).

After respondent had taught for two years, she and FACES entered into a revised agreement for the term of an additional school year. The agreement included a "covenant not to compete" stating respondent would not teach within the state for two years after leaving the FACES program, consonant with the foreign residency requirement. The new contract also increased respondent's salary and contained an acknowledgement that respondent would return home for two years after the contract expired. Finally, the revised agreement contained a liquidated damages provision providing that, in the event of a breach of contract, FACES would be entitled to an award including, but not limited to, monetary damages in an amount not less than $36,000.

Shortly after executing the new contract, respondent married a former FACES teacher. Respondent applied for, and was granted, a waiver of the J–1 foreign residency requirement, allowing her to remain in the United States. Subsequently, respondent accepted a full-time position with another school district and received an H–1 B visa allowing her to remain in the United States after the expiration of her J–1 visa.

Following respondent's failure to return to Romania as contracted, FACES instituted this action for breach of contract, breach of duty of loyalty, and injunctive relief.

The circuit court granted summary judgment in favor of respondent as to all of FACES' claims, finding: (1) the covenant not to compete was unenforceable; (2) respondent did not violate the covenant not to compete; (3) the grant of an injunction requiring respondent to return home would be pre-empted by federal immigration law; (4) the liquidated

damages provision was unenforceable; and (5) respondent did not breach any duty of loyalty.

The circuit court also denied FACES' motion for partial summary judgment, concluding a ruling that the acknowledgement and covenant not to compete were enforceable on foreign policy grounds would amount to an advisory opinion.[2]

## *ISSUES*

I.  Did the circuit court err in granting summary judgment in favor of respondent as to FACES' breach of contract claim?

II.  Did the circuit court err in granting summary judgment in favor of respondent as to FACES' breach of duty of loyalty claim?

## *STANDARD OF REVIEW*

When reviewing an order granting summary judgment, the appellate court applies the same standard as the trial court. *Fleming v. Rose,* 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of material fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party. *Fleming,* 350 S.C. at 493–94, 567 S.E.2d at 860.

## *LAW/ANALYSIS*

We reverse the circuit court's order granting summary judgment, finding there are material questions of fact whether respondent breached the revised contract by not returning to her home country and accepting another job, whether FACES

---

**2.** While FACES purports to appeal this denial of partial summary judgment, we decline to address this issue as the denial of the motion for summary judgment was not a final determination of the merits of the case, and therefore it is not immediately appealable. See *Ballenger v. Bowen,* 313 S.C. 476, 443 S.E.2d 379 (1994) (denial of summary judgment motion that decides nothing about the merits of the case is not immediately appealable).

suffered any actual as opposed to liquidated damages, and whether respondent breached the duty of loyalty implied in every employment contract.

## I. *Breach of Contract*

FACES argues the circuit court erred in granting summary judgment in favor of respondent as to FACES' breach of contract claim. We agree.

### A. *Respondent's failure to return home*

■ The circuit court only addressed respondent's failure to return home in terms of FACES' claim for injunctive relief, finding an order requiring respondent to return home would be pre-empted by federal immigration law. The circuit court did not consider that respondent's failure to return home could be considered a breach of contract. Rather, the circuit court granted summary judgment as to FACES' breach of contract claim, focusing solely on the enforceability of the covenant not to compete and respondent's continuing to teach within the state.

We find the circuit court erred by simply finding the covenant not to compete was unenforceable and failing to address that respondent's failure to return home could itself be considered a breach of contract. The fact respondent was granted a waiver does not preclude FACES' ability to enforce the contract because FACES' claim for breach of contract is not pre-empted by federal immigration law. While the circuit court may have correctly found it did not have the power to order respondent to return home through injunctive relief, the separate breach of contract action does not involve respondent's immigration status.

### B. *Covenant not to compete*

■ We are also persuaded by FACES' argument that the non-compete provision, although inartfully named, is not actually a covenant not to compete, but rather an agreed upon contract term, the purpose of which was to ensure respondent complied with the foreign residency requirement. Accordingly, we find the circuit court erred in applying the common law

governing covenants not to compete and in granting summary judgment for this reason.

## C. Damages

■ FACES argues the circuit court erred in finding the liquidated damages provision in the revised agreement was unenforceable. FACES maintains that, in the alternative, it has also suffered actual damages as a result of respondent's failure to return home. Specifically, FACES contends it lost its significant investment in respondent because she diverted the funds provided for her own personal use. FACES further claims its sponsorship designation is at risk because of the large numbers of teachers who, like respondent, do not complete the foreign residency requirement.

■ "Parties to a contract may stipulate as to the amount of liquidated damages owed in the event of nonperformance." *Lewis v. Premium Inv. Corp.*, 351 S.C. 167, 172, 568 S.E.2d 361, 363 (2002). "Where, however, the sum stipulated is plainly disproportionate to any probable damage resulting from breach of contract, the stipulation is an unenforceable penalty." *Id.* If a clause is held to be a penalty, the plaintiff may still recover any actual damages that can be proved to have resulted from the breach. *Tate v. Le Master*, 231 S.C. 429, 99 S.E.2d 39 (1957).

The circuit court found the liquidated damages provision contained in the parties' agreement constituted an unenforceable penalty because it had no relationship to any actual damages FACES might sustain as a result of respondent's alleged breach.

We find the circuit court properly concluded the liquidated damages provision is unenforceable because $36,000 is plainly disproportionate to any probable damage resulting from respondent's failure to return home. FACES' purported "lost investment" in respondent, totaling $29,400, accounts for the majority of that stipulated amount. We agree with respondent that the money FACES invested in respondent is a "sunk cost" over which respondent's failure to return home had no effect. In other words, FACES would have invested that money regardless whether respondent returned home. Accord-

ingly, we hold the circuit court properly found the amount of liquidated damages constituted an unenforceable penalty.

■ Regarding actual damages, initially, FACES' argument that respondent's failure to return home somehow financially harmed FACES appears largely speculative. Other than the threat of losing its sponsor designation and its lost investment in respondent, FACES claims to have lost the future net income it would have received by placing a new teacher in the place occupied by respondent for three to six years while in her new position, in addition to less readily quantifiable damages such as FACES' lost goodwill. It is questionable whether FACES' lost income and goodwill would constitute an appropriate award of actual damages. We nonetheless find the circuit court erred in only addressing the liquidated damages provision to support its grant of summary judgment as to FACES' breach of contract claim. Assuming the circuit court correctly found the liquidated damages provision was unenforceable, it is possible FACES is alternatively entitled to actual damages, and more factual development is necessary to make that determination. *Tate, supra.*

## II. *Breach of Duty of Loyalty*

■ FACES also argues the circuit court erred in granting summary judgment in favor of respondent as to FACES' tort action for breach of the duty of loyalty. We agree.

■ "It is implicit in any contract for employment that the employee shall remain faithful to the employer's interest throughout the term of employment. An employee has a duty of fidelity to his employer." *Berry v. Goodyear Tire & Rubber Co.,* 270 S.C. 489, 491, 242 S.E.2d 551, 552 (1978). This Court has recognized a tort action for breach of the duty of loyalty. See *Lowndes Products, Inc. v. Brower,* 259 S.C. 322, 335–39, 191 S.E.2d 761, 767–70 (1972) (key employees who contacted and met with investors and a customer of current employer to lay plans to start a competing textile company, who left their employer without notice, and who leased space and ordered materials to build manufacturing equipment were guilty of disloyalty, and owed damages to employer).

While we express no opinion as to the viability of the breach of the duty of loyalty claim as one independent of the breach

of contract action, we find the circuit court erred in granting summary judgment because respondent did not seek summary judgment as to this claim.

## CONCLUSION

The circuit court erred in granting summary judgment as to FACES' claims for breach of contract and breach of the duty of loyalty. Accordingly, the order of the circuit court is **REVERSED.**

PLEICONES, Acting Chief Justice, BEATTY, J., and Acting Justice JAMES E. MOORE, concur.

HEARN, J., concurring in part and dissenting in part in a separate opinion in which KITTREDGE, J., concurs.

Justice HEARN.

Respectfully, I concur in part and dissent in part. I agree with the majority that the circuit court erroneously granted summary judgment as to FACES' duty of loyalty claim because Tripon did not move for summary judgment on it. I further agree that Tripon's failure to return to Romania can constitute a breach of contract, the so-called covenant not to compete does not fit this Court's definition of one, and the liquidated damages provision in the contract is unenforceable. However, in my opinion FACES' claim for actual damages is too speculative and cannot withstand summary judgment. I would therefore affirm the circuit court's dismissal of FACES' breach of contract claim.[3]

FACES' claim for damages falls into two groups. The first is what FACES terms its "lost investment" in Tripon, which it measures by the expenditures it incurred in bringing her to the United States, providing her benefits, training and certifying her, and other related costs. However, those are all sunk

---

3. I recognize that the circuit court's order did not address FACES' actual damages. However, FACES requested the court consider actual damages in its Rule 59(e), SCRCP, motion and raised this issue elsewhere as well. This issue therefore appears in the record and I would affirm the circuit court on that basis. *See* Rule 220(c), SCACR. FACES at no point argues summary judgment was premature, and the majority therefore errs in reversing on this ground.

costs that FACES would have expended regardless of whether Tripon left the country as planned or remained. Thus, they were not caused by her alleged breach of the contract and are not recoverable. *See Branche Builders, Inc. v. Coggins,* 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct.App.2009) (stating a plaintiff must prove the breach caused damages).

The second group of damages is loss of goodwill and future profits stemming from FACES' tarnished reputation and potential decertification due to teachers refusing to leave the country as they originally agreed to do. The amount of lost profits or diminution in goodwill must be at least reasonably certain. *See Sterling Dev. Co. v. Collins,* 309 S.C. 237, 242, 421 S.E.2d 402, 405 (1992) ("In claiming lost profits, the degree of proof required is that of reasonable certainty."); Restatement (Second) of Contracts § 352 cmt. a (1981) ("Damages need not be calculable with mathematical accuracy and are often at best approximate. This is especially true for items such as loss of good will as to which great precision cannot be expected."). "The proof must pass the realm of conjecture, speculation or opinion not founded on facts, and must consist of actual facts from which a reasonably accurate conclusion regarding the cause and the amount of the loss can be logically and rationally drawn." *Sterling Dev. Co.,* 309 S.C. at 242, 421 S.E.2d at 405. All that is necessary is "a certain standard or fixed method" to estimate losses "with a fair degree of accuracy." *Collins Holding Corp. v. Landrum,* 360 S.C. 346, 350, 601 S.E.2d 332, 334 (2004) (quoting *S.C. Fin. Corp. of Anderson v. W. Side Fin. Co.,* 236 S.C. 109, 123, 113 S.E.2d 329, 336 (1960)).

From my review of the record, FACES' claim for damages is too speculative even when viewed in the light most favorable to it. Because proving lost profits and loss of goodwill can be difficult, only reasonable certainty, as opposed to mathematical precision, is required. Here, however, FACES has provided nothing but bald assertions and conjecture, with no real factual support, that it will be damaged in the future as a result of Tripon's actions. Indeed, it is exceedingly difficult to fathom, absent pure speculation, how FACES was actually and monetarily damaged by Tripon's failure to return to her own country. In my view, allowing this case to proceed to trial will place a jury in the impossible position of assessing

damages where none can even be articulated, let alone proven. Accordingly, I do not believe the information contained in the record is sufficient to withstand summary judgment and would affirm the circuit court's dismissal of FACES' breach of contract claim.

KITTREDGE, J., concurs.