**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

MRR Sandhills, LLC and ZV Pate, Inc., Appellants,

v.

Marlboro County, South Carolina, Respondent.

Appellate Case No. 2011-192941

–––––––––––––

Appeal From Marlboro County
Michael G. Nettles, Circuit Court Judge

–––––––––––––

Unpublished Opinion No. 2013-UP-279
Heard October 17, 2012 – Filed June 26, 2013

–––––––––––––

**AFFIRMED**

–––––––––––––

Richard A. Harpootlian, of Richard A. Harpootlian, PA, of Columbia, and Shaun C. Blake and John Julius Pringle, Jr., both of Adams and Reese, LLP, of Columbia, for Appellants.

Mary Katherine H. Stukes and Steven Daniel Weber, both of Parker, Poe, Adams & Bernstein, LLP, of Charlotte, N.C., and Harry Roberson Easterling, Jr., of Goldberg & Easterling, PA, of Bennettsville, for Respondent.

–––––––––––––

**PER CURIAM:**  MRR Sandhills, LLC, and Z.V. Pate, Inc. (Appellants) appeal the order of the trial court dismissing their claims against Marlboro County (the County) and denying their motion for summary judgment.  They assert the trial court erred (1) by concluding that section 6-29-760(D) of the South Carolina Code (2004) and laches barred their claim that the County had not enacted a zoning ordinance; (2) by dismissing their preemption claims; and (3) by granting in part the County's motion to dismiss certain other causes of action in the complaint.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

(1) As to Appellants' action being time-barred: S.C. Code Ann. § 6-29-760(D) (2004) ("No challenge to the adequacy of notice or challenge to the validity of a regulation or map, or amendment to it, whether enacted before or after the effective date of this section, may be made sixty days after the decision of the governing body if there has been substantial compliance with the notice requirements of this section or with established procedures of the governing authority or the planning commission."); *Quail Hill, LLC v. County of Richland*, 379 S.C. 314, 320-21, 665 S.E.2d 194, 197 (Ct. App. 2008) (holding section 6-29-760(D) barred appellant from challenging the validity of the enactment of a zoning ordinance years after the ordinance was adopted), *aff'd in part, rev'd in part*, 387 S.C. 223, 692 S.E.2d 499 (2010).

(2)  As to preemption: *Sandlands C & D, LLC v. County of Horry*, 394 S.C. 451, 466, 716 S.E.2d 280, 288 (2011) (holding the General Assembly did not intend to grant DHEC exclusive regulatory authority over the entire field of solid waste management).

(3) As to equal protection: *Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 428, 593 S.E.2d 462, 469 (2004) ("To satisfy the equal protection clause, a classification must (1) bear a reasonable relation to the legislative purpose sought to be achieved, (2) members of the class must be treated alike *under similar circumstances*, and (3) the classification must rest on some rational basis.") (emphasis added).

(4) As to substantive due process: *Eaddy v. Smurfit–Stone Container Corp.*, 355 S.C. 154, 164, 584 S.E.2d 390, 396 (Ct. App. 2003) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not preserved for our review.").

(5) As to the denial of summary judgment: *Foreign Academic & Cultural Exch. Servs., Inc. v. Tripon*, 394 S.C. 197, 202 n.2, 715 S.E.2d 331, 333 n.2 (2011) (declining to address issue of denial of summary judgment because "the denial of the motion for summary judgment was not a final determination of the merits of the case, and therefore it is not immediately appealable").

(6) As to remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not address remaining issues on appeal when a decision in a prior issue is dispositive).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ. concur.**