**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shem Creek Development Group, LLC, Respondent,

v.

The Town of Mount Pleasant, South Carolina, Appellant.

Appellate Case No. 2020-001387

Appeal from Charleston County
Maite Murphy, Circuit Court Judge

Unpublished Opinion No. 2024-UP-007
Heard October 4, 2023 – Filed January 3, 2024

**AFFIRMED**

James J. Hinchey, Jr., of Hinchey Murray & Pagliarini, LLC, of Mount Pleasant; Julia Parker Copeland, of Hinchey Murray & Pagliarini, LLC, of Charleston; David Guy Pagliarini, of Pagliarini Law Firm, LLC, of Daniel Island; Andrew F. Lindemann, of Lindemann Law Firm, P.A., of Columbia; and Claudius O. Tackett, II, of Sheffer Monhollen & Tackett, PLLC, of Louisville, Kentucky, all for Appellant.

E. Brandon Gaskins, of Moore & Van Allen, PLLC, of Charleston, for Respondent.

**PER CURIAM:** In this breach of contract action, the Town of Mount Pleasant, South Carolina (the Town) appeals, arguing the circuit court erred in (1) awarding Shem Creek Development Group, LLC (SCDG) liquidated damages; (2) failing to find any liquidated damages provision in the Parking License Agreement (PLA) constituted an unenforceable penalty; and (3) denying the Town's motion to compel certain financial records. We affirm.

1. We hold the circuit court did not err in awarding liquidated damages to SCDG under Section 6.01 of Article VI of the PLA, which entitled SCDG to "Rent Payments due under this Agreement" upon the Town's breach of the PLA, and under Section 8.17 of Article VIII, the "Survival of Obligations" provision. Section 6.01 provided in relevant part that "[SCDG] shall be entitled to bring an action for specific performance or breach of contract against [the Town], but agrees that it[s] sole and exclusive remedy shall be the Rent Payments due under this Agreement. Both parties waive any claims that either may have to any consequential or punitive damages, and agree that the prevailing party in any dispute shall be entitled to an award of costs and attorney's fees, including the costs of trial and any appeals." Section 8.17 stated that "[t]he provisions of this License with respect to any obligation of [the Town] to pay any sum owing or to perform any act after expiration or other termination of this License shall survive the expiration or other termination of this License." Being cognizant of our standard of review,[1] we affirm the circuit court's award of damages. *See Chan v. Thompson*, 302 S.C. 285, 289, 395 S.E.2d 731, 734 (Ct. App. 1990) ("The cardinal rule of contract interpretation is to ascertain and give effect to the intention of the parties."); *Barnacle Broad., Inc. v. Baker Broad., Inc.*, 343 S.C. 140, 146–47, 538 S.E.2d 672, 675 (Ct. App. 2000) ("In determining the intention of the parties, a court first looks to the language of the contract and if the language is clear and unambiguous, the language alone determines the contract's force and effect."); *ERIE Ins. Co. v. Winter Constr. Co.*, 393 S.C. 455, 460, 713 S.E.2d 318, 321 (Ct. App. 2011) ("South Carolina law allows parties to prospectively set an amount of damages for breach through the inclusion of a liquidated damages provision."); *id.*

---

[1] *See Electro-Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter*, 357 S.C. 363, 367, 593 S.E.2d 170, 172 (Ct. App. 2004) ("An action for breach of contract is an action at law."); *id.* ("In an action at law, on appeal of a case tried without a jury, the appellate court's standard of review extends only to the correction of errors of law."); *id.* ("The trial [court's] findings of fact will not be disturbed upon appeal unless found to be without evidence which reasonably supports the [court's] findings.").

("Such provisions are widely used in construction contracts and have been generally enforced as an appropriate remedy for breach."); *Moser v. Gosnell*, 334 S.C. 425, 431, 513 S.E.2d 123, 126 (Ct. App. 1999) ("The question of whether a sum stipulated to be paid upon breach of a contract is liquidated damages or a penalty is one of construction and is generally determined by the intention of the parties."); *Lewis v. Cong. of Racial Equal. &/or C. O. R. E., Inc.*, 275 S.C. 556, 560, 274 S.E.2d 287, 289 (1981) ("In liquidated-damages cases, the amount is usually a sum certain, or at least the amount is capable of ascertainment by computation."); *Bluffton Towne Ctr., LLC v. Gilleland-Prince*, 412 S.C. 554, 570, 772 S.E.2d 882, 891 (Ct. App. 2015) (reading a commercial lease as a whole and finding the default provision in a commercial lease "provided a specific damages formula" that included "future obligations for damages resulting from [the] breach of the lease" and finding the parties intended that, upon default, the tenant would be liable for the rent due during the entire term of the lease); *id.* at 568, 772 S.E.2d at 890 (recognizing the "modern rule for damages recoverable upon the breach of a lease" by a tenant permits the landlord to recover full damages, both present and prospective, including future rent due).

2.      We hold the circuit court did not err in finding the liquidated damages clause did not constitute an unenforceable penalty. *See Tate v. Le Master*, 231 S.C. 429, 441, 99 S.E.2d 39, 45 (1957) ("Whether such a stipulation is one for liquidated damages or for a penalty is, of course, primarily a matter of the intention of the parties."); *DD Dannar v. SC LAUNCH!, Inc.*, 431 S.C. 9, 25 n.5, 846 S.E.2d 883, 891 n.5 (Ct. App. 2020) (considering "(1) 'the anticipated or actual loss caused by the breach'; and (2) 'the difficulty of proof of loss'" from the two-part test in Restatement (Second) of Contracts § 356(1), cmt. b, "for determining whether a purported liquidated damages provision is actually a penalty" (quoting *City of Davenport v. Shewry Corp.*, 674 N.W.2d 79, 85 (Iowa 2004))); *Foreign Acad. & Cultural Exch. Servs., Inc. v. Tripon*, 394 S.C. 197, 204, 715 S.E.2d 331, 334 (2011) (finding if a stipulated sum "is plainly disproportionate to any probable damage resulting from breach of contract, the stipulation is an unenforceable penalty" (quoting *Lewis v. Premium Inv. Corp.*, 351 S.C. 167, 172, 568 S.E.2d 361, 363 (2002))); *DD Dannar*, 431 S.C. at 21, 846 S.E.2d at 889 ("[T]he burden is on the party contesting the characterization set forth in the parties' contract to show that a specified sum is actually a penalty.").

3.      We find the circuit court did not err in denying the Town's motion to compel. *See Dunn v. Dunn*, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989) (explaining a trial court's ruling on a discovery matter "will not be disturbed on

appeal absent a clear abuse of discretion"); *id.* ("The burden is upon the party appealing from the order to demonstrate the trial court abused its discretion.").

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**